**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

RUBEN BAZA-MARTINEZ, aka Ruben
Baza-Martines, Ruben Baza
Martinex,

          *Defendant-Appellant.*

No. 05-10282

D.C. No.
CR-04-01640-JMR

OPINION

Appeal from the United States District Court
for the District of Arizona
John M. Roll, District Judge, Presiding

Argued and Submitted
April 5, 2006—San Francisco, California

Filed September 26, 2006

Before: Betty B. Fletcher, Robert R. Beezer, and
Raymond C. Fisher, Circuit Judges.

Opinion by Judge B. Fletcher

11951

**COUNSEL**

Micaela Portillo, Assistant Federal Public Defender, Tucson, Arizona, argued the case for the appellant; Jon M. Sands, Federal Public Defender, and Brian I. Rademacher, Assistant Federal Public Defender, Tucson, Arizona, were on the briefs.

Elizabeth Berenguer, Assistant U.S. Attorney, Tucson, Arizona, argued the case for the appellee; Paul K. Charlton, United States Attorney, and Christina M. Cabanillas, Appellate Chief, were on the briefs.

---

**OPINION**

B. FLETCHER, Circuit Judge:

I.

Ruben Baza-Martinez appeals his seventy-month sentence, following his guilty plea to illegal re-entry after deportation, in violation of 8 U.S.C. § 1326. We remand for resentencing.

Baza-Martinez contends that the imposition of a sixteen-level sentencing enhancement was not justified because his prior felony conviction under North Carolina General Statute (N.C.G.S.) § 14-202.1, for taking indecent liberties with a child, is not "sexual abuse of a minor," a "crime of violence" under United States Sentencing Guidelines (U.S.S.G.) § 2L1.2(b)(1)(A)(ii). Baza-Martinez also challenges the district court's decisions not to grant his requests for a downward adjustment for acceptance of responsibility and for a downward departure based on cultural assimilation.

The record contains no documents that reveal the specifics of Baza-Martinez's conduct. As we are unable to undertake the modified categorical approach, we decide this case using

the categorical approach outlined in *Taylor v. United States*, 495 U.S. 575 (1990). Employing the categorical approach and considering the full range of conduct criminalized by N.C.G.S. § 14-202.1, we hold that a conviction under that statute is not necessarily a "crime of violence," as defined by U.S.S.G. § 2L1.2(b)(1)(A)(ii) to include "sexual abuse of a minor." We agree with Baza-Martinez that N.C.G.S. § 14-202.1 proscribes some conduct that does not categorically constitute "sexual abuse of a minor" because that statute prohibits conduct that is not necessarily physically or psychologically harmful, and therefore, is not necessarily "abuse." Because the record contains no documents that we may use under the modified categorical approach that would reveal the specifics of Baza-Martinez's conduct, we must decide this case using the categorical approach.

We vacate Baza-Martinez's sentence and remand to the district court for resentencing.

## II.

Ruben Baza-Martinez was born in Mexico in 1978; he came to the United States with his family when he was 14. His mother and siblings moved from Oregon to North Carolina and remain there. His father resides in Cutzmala, Mexico. Baza-Martinez attended school in Oregon and North Carolina, but he did not graduate from high school. He worked in North Carolina from 1995 until 2001.

On June 4, 2001, Baza-Martinez was convicted of taking indecent liberties with a child in violation of N.C.G.S. § 14-202.1. He received a suspended sentence of 18 to 22 months, 36 months probation, and 45 days in custody with credit for 45 days served. Shortly thereafter, on September 19, 2001, a petition to revoke Baza-Martinez's probation was filed, contending that he had failed to report to and participate in sex-offender treatment as directed, and that he had failed to maintain employment. On November 13, 2001, he was ordered to

enter residential treatment for 90-120 days. On December 31, 2001, Baza-Martinez was handed over to immigration authorities. He was deported on February 15, 2002.

In July 2004, Baza-Martinez attempted to re-enter the United States for a short stay to visit his family living in North Carolina — he planned to return to Mexico. On July 14, 2004, a police officer in Benson, Arizona stopped a vehicle for a traffic violation and informed Border Patrol that he suspected that illegal immigrants were in the car. Baza-Martinez was among them; he admitted his prior deportation and his illegal re-entry.

Baza-Martinez pleaded guilty to the charge of illegal re-entry, in violation of 8 U.S.C. § 1326, without a plea bargain. He did not admit to a prior felony or a prior aggravated felony conviction. The pre-sentence report (PSR) calculated a base offense level of 8 and recommended a sixteen-level upward adjustment to an offense level of 24, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on Baza-Martinez's 2001 felony conviction in North Carolina, concluding that this conviction qualified as "sexual abuse of a minor" and therefore as a "crime of violence." Baza-Martinez objected in the district court to the PSR's characterization of this conviction as "sexual abuse of a minor."

The PSR recommended an adjusted offense level of 24 to be downwardly adjusted three levels from 24 to 21 for acceptance of responsibility. One level of adjustment was contingent upon the government's motion. The government then informed the district court that it did not intend to move for an additional reduction for acceptance of responsibility. The district court set the total offense level at 22, accepting the PSR's calculations but incorporating the government's decision not to move for the final downward adjustment for acceptance of responsibility. Nothing in the record suggests that the prosecutor's motive was retaliatory.

Baza-Martinez also sought a downward departure based on cultural assimilation. The district court declined to depart from the guidelines. Based on an offense level of 22, a criminal history category of IV, and a resulting guidelines range of 63-78, the district court sentenced Baza-Martinez to 70 months imprisonment. Baza-Martinez timely appealed.

### III.

**[1]** We have jurisdiction under 28 U.S.C. § 1291. We review the district court's interpretation of the Sentencing Guidelines de novo. *United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006).

U.S.S.G. § 2L1.2(b)(1)(A) provides for a sixteen-level sentencing enhancement where "the defendant previously was deported . . . after . . . a conviction for a felony that is . . . a crime of violence." Application Note 1(B)(iii) to this provision defines "crime of violence" to include "sexual abuse of a minor." We must determine whether Baza-Martinez's 2001 conviction under N.C.G.S. § 14-202.1 necessarily constitutes "sexual abuse of a minor."

**[2]** The categorical approach outlined in *Taylor* governs our inquiry. Under the categorical approach, we must not "examine the conduct underlying the prior offense, but 'look only to the fact of conviction and the statutory definition of the prior offense.' " *United States v. Rivera-Sanchez*, 247 F.3d 905, 907-08 (9th Cir. 2001) (en banc) (quoting *Taylor*, 495 U.S. at 602). "[I]n order for a violation of the state statute to qualify as a predicate offense, the full range of conduct covered by the state statute must fall within the scope of the federal statutory provision." *United States v. Pallares-Galan*, 359 F.3d 1088, 1099-1100 (9th Cir. 2004) (internal quotation marks omitted); *see also United States v. Baron-Medina*, 187 F.3d 1144, 1146 (9th Cir. 1999). As a result, "our categorical inquiry need focus only on the conduct falling at the least egregious end of [the state statute's] range of conduct."

*United States v. Lopez-Solis*, 447 F.3d 1201, 1206 (9th Cir. 2006) (internal quotation marks omitted).

IV.

**[3]** We are unable to apply the modified categorical approach to determine whether the specific conduct for which Baza-Martinez was convicted constitutes "sexual abuse of a minor" because the record is devoid of any documents we are permitted to consider (signed plea agreements, plea transcripts, the indictment, minutes from the change of plea hearing and judgment). *See United States v. Hernandez-Hernandez*, 431 F.3d 1212, 1217-18 (9th Cir. 2005). In plea cases, we may also consider "the statement of the factual basis for the charge," as shown by a plea colloquy or written plea agreement, or by a record of findings of fact adopted by the defendant upon entering his plea. *Id.* at 1218 (citing *Shepard v. United States*, 544 U.S. 13 (2005)). Here, there is no plea agreement or documents establishing the factual basis for the charge. Furthermore, the indictment and minutes from the plea hearing do not address the prior conviction. As the district judge correctly stated, "we're back to what the North Carolina statute prohibits."

V.

Section 14-202.1 of the General Statutes of North Carolina provides:

> (a) A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:
>
> (1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or

(2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.

N.C. Gen. Stat. § 14-202.1 (2005).

Baza-Martinez contends that, while some conduct covered by this statute does fall under the Ninth Circuit's definition of "sexual abuse of a minor," the "full range of conduct" does not because the Ninth Circuit's definition requires psychological or physical injury to the victim.[1] Baza-Martinez argues that § 14 202.1 includes a range of conduct too broad for the categorical approach to permit a conviction under that statute to be characterized as "sexual abuse of a minor" and therefore as a "crime of violence" under U.S.S.G. § 2L1.2. We agree.

A.   Ninth Circuit's Definition of "Sexual Abuse of a Minor"

[4] "In cases involving non-traditional offenses, such as 'sexual abuse of a minor,' we define the offense based on 'the ordinary, contemporary, and common meaning' of the statutory words." *Lopez-Solis*, 447 F.3d at 1206-07 (quoting *United States v. Trinidad-Aquino*, 259 F.3d 1140, 1143 (9th Cir. 2001)). To do this, we "couple[ ] the dictionary definition of 'abuse' with the common understanding of 'sexual' and 'minor.' " *Trinidad-Aquino*, 259 F.3d at 1143. The common

---

[1]Baza-Martinez argues that touching is a necessary element of the crime of "sexual abuse of a minor." We note that while we have held in a variety of cases that harm may be physical or psychological, all of those cases have involved statutes that have touching as an element. We have never held that psychological or emotional harm alone, without touching, would be enough to support a conviction for "sexual abuse of a minor." On the other hand, we have never held that "sexual abuse of a minor" requires touching. Our holding today is grounded in our determination that the North Carolina statute focuses on the conduct of the perpetrator and not on the effect on the minor, i.e., "sexual abuse."

understandings of "sexual" and "minor" cover the conduct prohibited by § 14-202.1 which prohibits taking liberties with a "minor" under the age of 16 to gratify one's "sexual desire."

But, the conduct prohibited categorically must also constitute "abuse." *See Lopez-Solis*, 447 F.3d at 1207 (deciding that a Tennessee statutory rape law does not constitute a conviction for "sexual abuse of a minor" because the prohibited conduct is not categorically "abuse"). *Lopez-Solis* summarized the law of our court that defines "abuse": "Employing the dictionary definition, we have defined abuse as 'misuse . . . to use or treat so as to injure, hurt, or damage . . . to commit indecent assault on.' " 447 F.3d at 1207 (citing *Pallares-Galan*, 359 F.3d at 1100). Applying that definition of "abuse," we held that the Tennessee statutory rape law was not categorically "sexual abuse of a minor" because the full range of conduct covered by the law was "not necessarily physically *or* psychologically abusive." *Id.* at 1209 (emphasis added).

The definition of "abuse" as physical or psychological harm finds support in both *Pallares-Galan* and *Baron-Medina*. *Pallares-Galan* held that a misdemeanor conviction under California Penal Code § 647.6(a) does not support a finding of "sexual abuse of a minor." 359 F.3d at 1102. Section 647.6(a) reads in relevant part: "Every person who annoys or molests any child under the age of 18 shall be punished by a fine not exceeding one thousand dollars . . . ." Cal. Penal Code § 647.6. We noted that conduct may be "irritating" or "disturbing" without rising to the level that would be injurious, hurtful or damaging. *Pallares-Galan*, 359 F.3d at 1101 (citing examples that provided the basis for convictions under this statute such as urinating in a public place in the presence of a child). Cal. Penal Code § 647.6 was overbroad because it did not necessarily require harm or injury, whether psychological or physical.

Conversely, our court in *Baron-Medina* held that the conduct reached by Cal. Penal Code § 288(a) constitutes "sexual

abuse of a minor" and noted that "[t]he use of young children for the gratification of sexual desires constitutes abuse." 187 F.3d at 1147. The definition of "abuse" employed is consistent with our definitions in *Pallares-Galan*, 359 F.3d at 1102, and *Lopez-Solis*, 447 F.3d at 1207, because it requires "use" of young children, implying harmful or injurious conduct, and discusses "abuse" in the context of conduct that is undoubtedly psychologically harmful. *Id.* (noting that § 288(a) covers the conduct described in *People v. Imler*, 9 Cal. App. 4th 1178, 1182 (Cal. Ct. App. 1992), in which the perpetrator telephoned a child and told him that he would never see his father again if he did not disrobe and touch himself).

B.   Scope of conduct covered by N.C.G.S. § 14-202.1

A conviction under § 14-202.1 requires proof of the following elements:

> (1) the defendant was at least 16 years of age, and more than five years older than the victim, (2) the victim was under 16 years of age at the time the alleged act or attempted act occurred, and (3) the defendant willfully took or attempted to take an immoral, improper, or indecent liberty with the victim for the purpose of arousing or gratifying sexual desire.

*State v. McClees*, 424 S.E.2d 687, 689 (N.C. Ct. App. 1993). Certainly some of the conduct criminalized by this statute would fall under our court's definition of "sexual abuse of a minor." *E.g., State v. Laney*, 631 S.E.2d 522, 522 (N.C. Ct. App. 2006) (describing how defendant awoke the victim in her bed, touched her breasts, put his hand under the waistband of her pants, and then touched her through her pants).

**[5]** Beyond such cases, however, the range of conduct proscribed is very broad. This is exemplified in North Carolina's case law. "Indecent liberties are defined as such liberties as

the common sense of society would regard as indecent and improper." *McClees*, 424 S.E.2d at 690 (internal quotation marks omitted). The "legislative policy inherent in" this provision is "to provide 'children broader protection than available under other statutes proscribing sexual acts.' " *Id.* at 689 (quoting *State v. Etheridge*, 352 S.E.2d 673, 682 (N.C. 1987)); *accord State v. Every*, 578 S.E.2d 642, 648 (N.C. Ct. App. 2003) (noting the broad scope of the statute's protection). In fact, the North Carolina courts have been explicit in holding that "mere words" may constitute taking an indecent liberty with a child. *Every*, 578 S.E.2d at 647. "All that is required is that at the time of the immoral, improper, or indecent liberty, the defendant must be in either the actual or constructive presence of the child." *Id.* at 648 (internal quotation marks omitted). "[A] variety of acts may be considered indecent and may be performed at varied distances from the victim, yet still be considered 'with' a child 'for the purpose of arousing or gratifying sexual desire.' " *McClees*, 424 S.E.2d at 689.

**[6]** Whereas the touchstone of "abuse" in our case law is "hurt," "injury," or "maltreatment," *Lopez-Solis*, 447 F.3d at 1207; *Pallares-Galan*, 359 F.3d at 1100; *Baron-Medina*, 187 F.3d at 1147, the touchstone of the crime of indecent liberties under N.C.G.S. § 14-202.1, as construed by the North Carolina Supreme Court, is the perpetrator's mens rea:

> The evil the legislature sought to prevent in this context was the defendant's performance of any immoral, improper, or indecent act in the presence of a child "for the purpose of arousing or gratifying sexual desire." *Defendant's purpose for committing such act is the gravamen of this offense; the particular act performed is immaterial.*

*State v. Hartness*, 391 S.E.2d 177, 180 (N.C. 1990) (emphasis added) (citing *State v. Etheridge*, 352 S.E.2d 673 (N.C. 1987)). By contrast, we made clear in *Pallares-Galan* that

" '[a]buse' requires more than improper motivation; it requires conduct that is abusive." 359 F.3d at 1101-02. Because § 14-202.1, as interpreted by *Hartness*, 391 S.E.2d at 180, focuses on improper motivation rather than "conduct that is abusive," *id.*, such as psychological or physical harm, it is overbroad.

While we agree with the government that physical harm or touching is not required in order for conduct to be abusive, § 14-202.1 prohibits conduct that need not be *either* physically *or* psychologically harmful to the minor. In *State v. McClees*, 424 S.E.2d 687, a North Carolina court held that the defendant had violated § 14-202.1 when he secretly set up a video camera in an office and asked a minor to undress for the purpose of filming her *without her knowledge*. The victim was made aware of the videotape only after she was 21-years-old, *see id.* at 688, and therefore was not psychologically harmed until she was no longer a minor. Since § 14-202.1 does not require physical *or* psychological harm to the victim, we conclude that a conviction under § 14-202.1 is not categorically "abuse of a minor."

## VI.

We reach a different holding than two of our sister circuits as to whether N.C.G.S. § 14-202.1 is "sexual abuse of a minor." *See United States v. Izaguirre-Flores*, 405 F.3d 270 (5th Cir. 2005); *Bahar v. Ashcroft*, 264 F.3d 1309 (11th Cir. 2001) (per curiam). In *Bahar*, the Eleventh Circuit deferred to the BIA's interpretation of the North Carolina statute. 264 F.3d at 1311. That deference may have been unnecessary in that the interpretation of a criminal statute is not within the particular expertise of the agency as would be the interpretation of immigration statutes. In any event, by contrast, here we are reviewing de novo the district court's determination. We recognized this very same distinction in *Lopez-Solis*, 447 F.3d at 1209-10 (distinguishing *Afridi v. Gonzales*, 442 F.3d 1212 (9th Cir. 2006)). To the extent the *Bahar* court itself

analyzed the North Carolina statute, it focused on the culpability of the perpetrator — the willful intent to arouse or gratify sexual desire — not the effect on the minor. *Bahar*, 264 F.3d at 1312.

The Fifth Circuit in *Izaguirre-Flores* took an unusual approach to its analysis. Rather than conducting a *Taylor* analysis, it stated that it preferred a "common sense" approach. 405 F.3d at 275. It conceded that "[i]n similar cases, when we have been called on to determine whether a violation of a state statute constitutes a specifically enumerated offense under Application Note (1)(B)(iii) [U.S.S.G. § 2L1.2(b)(1)(A)(ii)], we have held that when the enumerated offense under the Guidelines encompasses a narrower range of conduct than that prohibited by the state statute, we cannot hold as a matter of law that the sentencing enhancement is proper." *Id.* at 276-77. Then following its "common sense" approach, however, the court said it refused to read the statute as criminalizing acts that did not involve "overt sexual acts," eliminating other conduct that would be included were the statute broadly though literally read. *Id.* at 277. Like the *Bahar* court, it focused on the statutory language "for the purpose of arousing or gratifying sexual desire" rather than the harm to the minor. *Id.* We fault its reasoning both for reading out of the statute some acts that the statute clearly includes and focusing on the wrong issue. We reiterate that whether sexual abuse of a minor is an element of all crimes prohibited by the statute is the key consideration.

## VII.

**[7]** Our case law recognizes that either psychological or physical harm is necessary to constitute "abuse." Because N.C.G.S. § 14-202.1 does not make psychological or physical harm to the minor a necessary element of the crimes it proscribes, we conclude that Baza-Martinez's conviction under N.C.G.S. § 14-202.1 does not qualify as "sexual abuse of a minor" and therefore is not a "crime of violence" under

U.S.S.G. § 2L1.2. Accordingly, we vacate the sentence and remand to the district court for resentencing in accordance with this opinion, all applicable provisions of the Sentencing Guidelines, and 18 U.S.C. § 3553(a).

SENTENCE VACATED; REMANDED.