**Gabriel Regaldo BUSTAMANTE, a.k.a. Gary Bustamante, Gabriel Bustamante, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 07–71224.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 20, 2007.*

Filed Aug. 24, 2007.

Gregory J. Olive, Los Angeles, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, KLEINFELD and M. SMITH, Circuit Judges.

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order af-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

firming the Immigration Judge's ("IJ") order denying petitioner's application for cancellation of removal.

Respondent's motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard). Accordingly, this petition for review is denied.

The BIA correctly rejected petitioner's contention that *United States v. Baza–Martinez,* 464 F.3d 1010 (9th Cir.2006), establishes that his conviction under Section 288(c)(1) of the California Penal Code for committing a lewd act upon a child is not an aggravated felony under the categorical approach. *Baza–Martinez* interprets a North Carolina statute and relies on *United States v. Baron–Medina,* 187 F.3d 1144 (9th Cir.1999), which interprets Section 288(a) of the California Penal Code. *See* 464 F.3d at 1015. Sections 288(a) and 288(c)(1) of the California Penal Code differ only with regard to the victim's age; Section 288(a) applies when a victim is "under the age of 14," and Section 288(c)(1) applies when a victim is "14 or 15." *Baron–Medina* holds that the crime defined in Section 288(a) qualifies as "sexual abuse of a minor" and hence an aggravated felony under the categorical approach. *See* 187 F.3d at 1146–47. Petitioner's contention that this court should define the phrase "young child" lacks merit because this court has already defined the term "minor." *See Baron–Medina,* 187 F.3d at 1147 ("The conduct reached by Section 288(a) indisputably falls within the common, everyday meanings of the words 'sexual' and minor.' ").

Petitioner's contentions that the IJ and BIA denials violate his due process rights lack merit. *See Falcon Carriche v. Ash-croft,* 350 F.3d 845, 850 (9th Cir.2003) (noting that petitioners "received a full hearing before the IJ, a detailed and reasoned opinion from the IJ [and] the opportunity to present their arguments to the BIA"); *see also Cano–Merida v. INS,* 311 F.3d 960, 965 (9th Cir.2002) (stating that a due process violation requires a showing of prejudice).

The motion for stay of voluntary departure is denied because the agency never granted such relief. *Cf. Zazueta–Carrillo v. Ashcroft,* 322 F.3d 1166, 1172 (9th Cir. 2003).

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**