**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Gerardo WENCES–ALCAIDE, aka**
**Gerardo Wences–Alcalde,**
**Defendant—Appellant.**

No. 07–10222.

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 2008.*

Filed March 25, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michael Logalbo, Esq., U.S. Attorneys Office, Tucson, AZ, for Plaintiff-Appellee.

Francisco Leon, Esq., Tucson, AZ, for Defendant-Appellant.

Before: HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Gerardo Wences–Alcaide appeals the district court's imposition of a sixteen-level sentencing enhancement based on its determination that his prior felony conviction constituted a "crime of violence." We affirm.

Wences–Alcaide's prior conviction was for Criminal Sexual Conduct in the Second Degree, in violation of section 609.343(1)(a) and (2) of the Minnesota Statutes. The

relevant statutory provision criminalizes "sexual contact" with a person "under 13 years of age" where "the actor is more than 36 months older than the complainant." Minn.Stat. § 609.343(1)(a). It provides that "consent to the act by the complainant" is not a defense, and that "the state is not required to prove that the sexual contact was coerced." *Id.*

Wences–Alcaide contends that the statute reaches conduct that does not qualify as "sexual abuse of a minor," a "crime of violence" under the United States Sentencing Guidelines, because it does not require any proof that the "sexual contact" was harmful or injurious. *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii). He argues that the statute encompasses even consensual relations, which he maintains do not constitute maltreatment under our decision in *United States v. Baza–Martinez*, 464 F.3d 1010 (9th Cir.2006).

In *Baza–Martinez*, we considered a statute that North Carolina courts had interpreted to punish "mere words." *Id.* at 1016. We held that a conviction for violating the statute was not categorically "abuse of a minor" because the courts had applied it to convict individuals for conduct, such as covertly filming a minor undressing, that the victim was not aware of and that therefore did not necessarily involve the infliction of either physical or psychological harm. *Id.* at 1017.

In contrast, the Minnesota statute punishes only "sexual *contact*" with a child under the age of 13 if the perpetrator is at least 3 years older than the victim. Minn. Stat. § 609.343(1)(a) (emphasis added). In *United States v. Sinerius*, 504 F.3d 737, 741 (9th Cir.2007), we held that even "consensual sexual contact by a 16–year–old on a 13–year–old victim[ ] categorically quali-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

fies as 'sexual abuse.'" *See also United States v. Baron–Medina*, 187 F.3d 1144, 1147 (9th Cir.1999) (minor's consent to sexual contact irrelevant because Congress did not intend the law "to excuse an individual who preys upon a child too young to understand the nature of his advances"). Accordingly, a conviction for violating section 609.343(1)(a) of the Minnesota Statutes categorically qualifies as "sexual abuse of a minor." Wences–Alcaide's conviction therefore constituted a "crime of violence," justifying the imposition of a sixteen-level sentencing enhancement under the United States Sentencing Guidelines. *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.