09-4999-cr
United States v. Carlos Escalera

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of November, two thousand ten.

PRESENT:

> ROGER J. MINER,
> CHESTER J. STRAUB,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*,

---

UNITED STATES OF AMERICA
> *Appellee*,

-v.-                                                                No. 09-4999-cr

CARLOS ESCALERA,
> *Defendant-Appellant*.

---

> JOSE M. ROJAS, The Rojas Law Firm, LLC, Hartford, Connecticut, for *Appellant.*
>
> BRIAN P. LEAMING, Assistant United States Attorney (Nora R. Dannehy, Assistant United States Attorney, *on the brief*) *for* David B. Fein, United States Attorney for the District of Connecticut, New Haven, Connecticut, for *Appellee.*

Appeal from the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*.).

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of conviction and sentence imposed on November 10, 2009 are AFFIRMED.

Defendant Carlos Escalera appeals from a judgment of conviction entered on November 10, 2009, pursuant to his guilty plea on one count of possession of ammunition by a convicted felon. *See* 18 U.S.C. § 922(g)(1). At sentencing, the district court concluded that Escalera's criminal history subjected him to the Armed Career Criminal Act ("ACCA" or "The Act"), 18 U.S.C. § 924(e), and, accordingly, sentenced Escalera to 180 months in prison, which was the minimum sentence mandated by that statute. On appeal, Escalera challenges that sentence, contending that the district court erred in concluding that he had committed the requisite three predicate offenses for purposes of the ACCA. We presume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

The ACCA provides a 15-year mandatory minimum sentence for any person who violates section 922(g) and "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The Act defines a "violent felony" to include, among other things, "burglary," and makes a "serious drug offense" any "offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substance Act . . .)." 18 U.S.C. § 924(e)(2)(B), (A)(ii). Where a defendant's previous conviction was obtained pursuant to a state law that criminalizes both "predicate" and "non-predicate" conduct for purposes of the ACCA, courts must make the factual finding that the offense

in question involved predicate conduct before qualifying it as a "previous conviction" for purposes of the Act. *See United States v. Savage*, 542 F.3d 959, 964-65 (2d Cir. 2008).

The district court determined that Escalera's criminal history included, among other things, the following three Connecticut state court convictions, each of which was obtained pursuant to a guilty plea: (1) a November 2005 conviction for third-degree burglary, (2) a May 1996 conviction for sale of narcotics, and (3) a June 2004 conviction for sale of narcotics. On the record before it, the district court made the further factual determination that the conduct underlying each offense was sufficient to render all three predicate convictions for purposes of the ACCA. On appeal, Escalera challenges those factual determinations, contending principally that the record below was insufficient to support them.

We review the district court's factual findings with respect to the nature of a prior offense under the "clear error" standard, *United States v. Houman*, 234 F.3d 825, 827 (2d Cir. 2000) (per curiam), reversing only where we are left with the "definite and firm conviction that a mistake has been committed," *United States v. DiSilva*, 613 F.3d 352, 356 (2d Cir. 2010). We detect no such error in this record.

With respect to the burglary conviction, Escalera correctly notes that Connecticut's law is broader than the federally adopted "generic" equivalent, which consists of the "unlawful or unprivileged entry into . . . a building or other structure, with the intent to commit a crime." *United States v. Taylor*, 495 U.S. 575, 599 (1990); *cf.* Conn. Gen. Stat. § 53a-100(a)(1) (2008) (defining "building" as used in state burglary law to include "in addition to its ordinary meaning, . . . any watercraft, aircraft, trailer, sleeping car, railroad car or other structure or vehicle"). Accordingly, as noted, for Escalera's plea to qualify as a predicate conviction for purposes of the ACCA, the district

court was required to make the factual finding that Escalera's conviction stemmed from conduct which fell within the narrower, federally adopted "generic" definition. *See United States v. Brown*, 514 F.3d 256, 265 (2d Cir. 2008). In so doing, it was entitled to look to "the terms of the charging document [or] the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant." *Shepard v. United States*, 544 U.S. 13, 26 (2005). Here, the district court, in reliance on the transcript of the plea colloquy, determined that Escalera had confirmed before the state court that his crime involved the unlawful entry into a *residence*. The district court thus concluded that the offense fell within the narrower federal definition of burglary and that it therefore qualified as a predicate conviction for purposes of the ACCA.

Escalera contends that the district court's reliance on the state court transcript of his plea colloquy was in error because he entered a so-called *Alford* plea in that proceeding. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970). We disagree. While Escalera's attorney stated, at the outset of his client's plea hearing, that "it's an Alford plea," the prosecutor proceeded to set forth the factual allegations – including the allegation that Escalera entered a "residence" – and the state court then asked Escalera whether "those facts [are] accurate," to which Escalera, without reservation or objection from his attorney, responded "[y]es." The defendant thus "confirmed" the "factual basis for the plea" in a "transcript or colloquy between judge and defendant" which the district court was entitled to rely upon. *Shepard*, 544 U.S. at 26. Accordingly, we see no error, let alone clear error, in the district court's factual determination that the offense fell within the narrowed federal definition of burglary and thus qualified as a predicate conviction for purposes of the ACCA.

We similarly detect no error in the district court's determination that Escalera's two drug

4

offenses qualified as predicate crimes for purposes of the statute. For those offenses to qualify, the district court was required to determine that each involved a "controlled substance (as defined in section 102 of the Controlled Substance Act)." 18 U.S.C. § 924(e)(2)(A). Here, the district court, in reliance on the state court plea colloquies, concluded that both offenses involved heroin, which is indisputably a controlled substance as defined by section 102. *See* 21 U.S.C. § 802. Escalera contends the plea colloquies were insufficient to support those factual findings. We disagree. In both instances, the transcripts of the state court proceedings reflect Escalera's clear and unequivocal confirmation of factual allegations that he sold and possessed heroin. As such, the district court correctly found that the offenses qualified as predicate convictions for purposes of the ACCA.

To the extent Escalera raises other arguments with respect to the sentence imposed, we have considered them and reject them as meritless. Accordingly, and for the foregoing reasons, the judgment of conviction and sentence imposed are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk