FILED

**NOT FOR PUBLICATION**

DEC 14 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10184 |
| Plaintiff - Appellee, | D.C. No. 4:08-CR-01293-CKJ-HCE-1 |
| v. | |
| ERNESTO MARTINEZ-VAZQUEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted September 1, 2010
San Francisco, California

Before: B. FLETCHER, TALLMAN and RAWLINSON, Circuit Judges.

Appellant Ernesto Martinez-Vazquez appeals the district court's application

of a sixteen-level sentencing enhancement to his sentence for illegal reentry after

deportation. The district court found that Martinez-Vazquez's conviction under

North Carolina General Statute § 14–202.1 for taking indecent liberties with a

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36–3.

child qualified as "sexual abuse of a minor" under the modified categorical approach, and was therefore a crime of violence. Martinez-Vazquez appeals. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I. CATEGORICAL CRIME OF VIOLENCE

We review de novo whether a prior conviction constitutes a "crime of violence" under U.S.S.G. § 2L1.2. *United States v. Medina-Villa*, 567 F.3d 507, 511 (9th Cir. 2009).

To determine whether Martinez-Vazquez's prior conviction qualifies as a crime of violence, we apply the approach set forth in *Taylor v. United States*, 495 U.S. 575, 602 (1990). We first consider whether the prior offense "is categorically a crime of violence by assessing whether the full range of conduct covered by the statute falls within the meaning of that term." *United States v. Grajeda*, 581 F.3d 1186, 1189 (9th Cir. 2009) (internal quotations, alteration, and citation omitted). If the statute of conviction punishes some conduct that would qualify as a crime of violence and some conduct that would not, it does not categorically constitute a crime of violence. *See id.* In that case, we then employ the "modified categorical approach," which "permits a court to determine which statutory phrase was the basis for the conviction by consulting the trial record—including charging documents, plea agreements, transcripts of plea colloquies, findings of fact and

2

conclusions of law from a bench trial, and jury instructions and verdict forms."

*Johnson v. United States*, 130 S. Ct. 1265, 1273 (2010).

We previously held that the North Carolina General Statute § 14-202.1 does not fit the generic definition of abuse of a minor because the least egregious end of conduct covered by the statute does not necessarily result in psychological or physical harm to a child and therefore is not necessarily abusive. *United States v. Baza-Martinez*, 464 F.3d 1010, 1015–17 (9th Cir. 2006). Thus, Martinez-Vazquez's conviction can qualify as a crime of violence only under the modified categorical approach.

## II. MODIFIED CATEGORICAL APPROACH

Martinez-Vazquez argues that we cannot apply the modified categorical approach to the North Carolina statute because the statute is missing an element of the generic definition of sexual abuse of a minor. We have identified the elements of "sexual abuse of a minor" as (1) sexual conduct; (2) with a minor; (3) that constitutes abuse. *Medina-Villa*, 567 F.3d at 513. Abuse in this context means "'physical or psychological harm' in light of the age of the victim in question." *Id.* Sexual conduct with younger children is per se abusive. *Id.* at 514-15.

Martinez-Vazquez, relying on our decision in *Baza-Martinez*, argues that the North Carolina statute is missing the element of abuse. However, the

3

*Baza-Martinez* court concluded that the North Carolina statute "is overbroad," noting that "[c]ertainly some of the conduct criminalized by this statute would fall under our court's definition of 'sexual abuse of a minor.'" 464 F.3d at 1016–17. It was only because we had no facts about Baza-Martinez's specific offense that we could not apply the modified categorical approach. *Id.* at 1014. Because the North Carolina statute is overbroad, the modified categorical approach is appropriate. *See Navarro-Lopez v. Gonzales*, 503 F.3d 1063, 1073 (9th Cir. 2007) ("The modified categorical approach, however, only applies when the particular elements in the crime of conviction are broader than the generic crime.").

## III. PLEA DOCUMENTS

Martinez-Vazquez also argues that, even if this court can apply the modified categorical approach, the plea documents submitted are not judicially noticeable. Before the district court, Martinez-Vazquez argued that the modified categorical approach could not apply because Martinez-Vazquez had entered an Alford plea and, thus, never admitted the facts of the crime. We have held, however, that an Alford plea suffices for purposes of sentencing enhancements for that conviction. *United States v. Guerrero-Velasquez*, 434 F.3d 1193, 1197 (9th Cir. 2006). We also have "approved of reliance on the prosecutor's statement of the factual basis of the charge where defense counsel did not object to the factual statement."

4

*United States v. Hernandez-Hernandez*, 431 F.3d 1212, 1219 (9th Cir. 2005)

(citing *United States v. Smith*, 390 F.3d 661, 666 (9th Cir. 2004), *as amended by*

405 F.3d 726 (9th Cir. 2005)).

The prosecutor recited the factual basis for the plea during the plea colloquy. The defense attorney did not object, even while disputing the veracity of the facts. Before the prosecutor stated the facts, defense counsel stated: "We stipulate and have no objection." While Martinez-Vazquez questions whether he can stipulate to facts before they are recited, this argument fails because defense counsel never objected to the facts. If the facts did not match what Martinez-Vazquez expected to hear, counsel could have raised an objection. His failure to do so renders the plea documents judicially noticeable.

## VI. APPLICATION OF THE MODIFIED CATEGORICAL APPROACH

Applying the modified categorical approach, we hold that Martinez-Vazquez's conviction qualifies as a crime of violence. We have "previously explained that the modified categorical approach is appropriate when the statute of conviction is divisible into several crimes, some of which fall under the relevant category, and some of which do not." *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1159–60 (9th Cir. 2008) (citing *Carty v. Ashcroft*, 395 F.3d 1081, 1084 (9th Cir. 2005)). In such circumstances, we examine "the charging document, written

plea agreement, transcript of plea colloquy, and any explicit findings by the trial judge to which the defendant assented" to determine the basis for the plea. *Martinez-Perez v. Gonzales*, 417 F.3d 1022, 1028 (9th Cir. 2005) (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)). Therefore, we now examine the North Carolina statute to determine if it is divisible into discrete crimes that might fit the generic definition.

The two subsections of North Carolina General Statute 14–202.1 are as follows:

(a) A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:

(1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or

(2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.

6

Under (a)(2), which requires "lewd or lascivious act upon or with the body or any part or member of the body of any child," physical harm necessarily results. In addition, abuse is necessarily an element of (a)(2) if the child is under a certain age because "[s]exual conduct with younger children is per se abusive." *United States v. Castro,* 607 F.3d 566, 568 (9th Cir. 2010). Therefore, the elements of "sexual abuse of a minor" all are present when a conviction falls under Section (a)(2) and the child involved is under the age of 14.

The facts here establish every element of Section (a)(2) and that the child was under the age of 14. The facts in the plea colloquy show that Martinez-Vazquez rubbed against the 12-year-old girl, "kissing her and touching her on her privates." Although the statute required proof only that the victim was under the age of 16, the facts offered demonstrate the victim was 12 years old. Because sexual conduct with a 12-year-old is per se abusive, we affirm the sentencing enhancement applied by the district court in this case.

The district court ruling is **AFFIRMED**.


**Rawlinson, Circuit Judge, concurring:**

I concur in the result.

7



*U.S. v. Martinez-Vazquez*, **Case No. 09-10184**
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.