**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 23, 2011

No. 10-40312

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JULIO ADALBERTO FLORES-VASQUEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before JOLLY, ELROD, and HAYNES, Circuit Judges.

HAYNES, Circuit Judge:

Defendant-Appellant Julio Flores-Vasquez pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326.  Pursuant to the U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2L1.2, the district court applied a sixteen-level enhancement to his offense level for a prior conviction it found to be a crime of violence.  On appeal, Flores-Vasquez challenges the district court's application of this enhancement.  We AFFIRM.

**I. Background**

Flores-Vasquez pleaded guilty to being unlawfully present in the United States following removal.  The probation officer preparing Flores-Vasquez's

presentence investigation report ("PSR") determined that his base offense level was eight. The PSR recommended that Flores-Vasquez receive a sixteen-level sentencing enhancement, determining that his 2006 robbery conviction in the District of Columbia qualified as a crime of violence within the meaning of U.S.S.G. § 2L1.2(b)(1)(A)(ii). With a three-level reduction for acceptance of responsibility and a criminal history category of V, Flores-Vasquez's sentencing range was determined to be 70-87 months. Flores-Vasquez objected to the sixteen-level sentencing enhancement and his criminal history category. The court overruled his objection to the enhancement, but granted a downward departure for an over-representation of his criminal history, making his final Guidelines range 46-57 months. The court sentenced him to 46 months imprisonment and two years of supervised release. Flores-Vasquez timely appealed his sentence.

## II. Discussion

Flores-Vasquez argues that the district court's application of the sentencing enhancement was erroneous because his prior conviction was not for a crime of violence. This court reviews *de novo* the characterization of a prior offense as a crime of violence. *United States v. Sanchez-Ruedas*, 452 F.3d 409, 412 (5th Cir. 2006). The Guidelines commentary provides: "'Crime of violence' means any of the following offenses under federal, state, or local law: . . . *robbery*, . . . , *or any other offense* under federal, state, or local law *that has as an element the use, attempted use, or threatened use of physical force* against the person of another." U.S. SENTENCING GUIDELINES MANUAL § 2L1.2 cmt. n.1(B)(iii) (2011) (emphasis added). Therefore, under this Guideline, an offense qualifies as a crime of violence if it either is one of the enumerated offenses or has the requisite "force" element. *See United States v. Santiesteban-Hernandez*, 469 F.3d 376, 378 (5th Cir. 2006). On appeal, the Government contends only that Flores-Vasquez's prior conviction was for the enumerated offense of robbery.

No. 10-40312

To determine whether a defendant's prior statute of conviction constitutes an enumerated offense, the court uses a "common sense approach." *See United States v. Mungia-Portillo*, 484 F.3d 813, 816 (5th Cir. 2007). Under this approach, the court should examine whether Flores-Vasquez's prior conviction was a robbery "as that term is understood in its ordinary, contemporary, and common meaning." *Id.* (internal quotation marks omitted); *see also Santiesteban-Hernandez*, 469 F.3d at 378 ("Because the enhancement provision does not define the predicate offense of 'robbery,' we must first find its 'generic, contemporary meaning,' which this circuit has explained as the crime's 'ordinary, contemporary, common meaning.'" (internal citations omitted)).   We have previously explained that "the generic form of robbery may be thought of as aggravated larceny, containing at least the elements of misappropriation of property under circumstances involving [immediate] danger to the person." *Santiesteban-Hernandez*, 469 F.3d at 380 (internal quotation marks omitted) (alteration in original).  "The immediate danger element is what makes robbery deserving of greater punishment than that provided for larceny and extortion." *Id.* (internal quotation marks omitted).  Flores-Vasquez was convicted under D.C. Code section 22-2801, which provides that "[w]hoever by force or violence, whether against resistance or by sudden or stealthy seizure or snatching, or by putting in fear, shall take from the person or immediate actual possession of another anything of value, is guilty of robbery."  "If a statute contains multiple, disjunctive subsections, courts may look beyond the statute to certain 'conclusive records made or used in adjudicating guilt' in order to determine which particular statutory alternative applies to the defendant's conviction." *United States v. Bonilla-Mungia*, 422 F.3d 316, 320 (5th Cir. 2005).  The documents that the court may look to in order to narrow the conviction include the "charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."

No. 10-40312

*Shepard v. United States*, 544 U.S. 13, 16 (2005); *United States v. Murillo-Lopez*, 444 F.3d 337, 340 (5th Cir. 2006).

Flores-Vasquez contends that because the statute of conviction includes "stealthy snatching," it does not categorically qualify as a crime of violence. The D.C. Circuit has held that the D.C. robbery statute does not categorically qualify as a crime of violence under U.S.S.G. § 4B1.2(a)(1). *See In re Sealed Case*, 548 F.3d 1085, 1089 (D.C. Cir. 2008).[1] However, the Government cites our discussion of a Texas statute (which did not explicitly include "stealthy snatching") as supporting its argument that the D.C. robbery statute qualifies as generic robbery. *Santiesteban-Hernandez*, 469 F.3d at 381 (holding that a conviction under a Texas robbery statute qualifies as generic robbery because its elements "substantially correspond to the basic elements of the generic offense, in that they both involve theft and immediate danger to a person").[2] We need not resolve any tension among prior cases because we determine that the record establishes that Flores-Vasquez's prior conviction was not for "stealthy snatching," and thus indisputably qualifies as a crime of violence.

At the sentencing hearing, the Government entered the plea agreement, indictment, and judgment from Flores-Vasquez's 2006 robbery conviction. The proffer of facts attached to the robbery plea agreement states that Flores-Vasquez approached someone and "asked for five dollars. The complainant said o.k., but defendant [Flores-Vasquez] then pulled out a long knife, about 8 inches long, and held it to the complainant's side. [Flores-Vasquez] then told the

---

[1] As is relevant to this opinion, a prior conviction that would qualify for the "crime of violence" enhancement under § 2L1.2 would also qualify for the enhancement under § 4B1.2. *See* U.S. SENTENCING GUIDELINES MANUAL § 4B1.2 cmt. n.1 (2011).

[2] In an unpublished opinion, we determined that a Florida statute involving "stealthy snatching" did not meet the generic definition of robbery but did "by its nature, present[] a serious potential risk of physical injury to another." *United States v. Bryant*, 312 F. App'x 698, 702 (5th Cir. 2009) (internal quotation marks omitted).

4

No. 10-40312

complainant that he had five seconds to give all the money, or he would use the knife." As Flores-Vasquez conceded at oral argument, the facts in the plea agreement establish that his conduct fell well within the generic definition of robbery. Thus, if the district court could rely upon the proffer of facts, it did not err in applying the "crime of violence" enhancement. Conversely, without the proffer, we have nothing narrowing the offense to exclude "stealthy snatching."

Flores-Vasquez argues that the court cannot rely upon the proffer of facts included in the plea agreement because the plea agreement shows that he intended to enter an *Alford* plea[3] to the robbery charge and that he did not remember the facts of the robbery. In support of this argument, Flores-Vasquez cites opinions in two other circuits addressing the use of factual proffers offered concurrently with an *Alford* plea in the context of later sentencing enhancements. *See United States v. Alston*, 611 F.3d 219, 227 (4th Cir. 2010); *United States v. Savage*, 542 F.3d 959, 966 (2d Cir. 2008); *see also United States v. De Jesus Ventura*, 565 F.3d 870, 879 (D.C. Cir. 2009) (stating that a sentencing court may not rely on factual proffer accompanied only by a *nolo contendere* plea). These cases, however, stand for the proposition that an *Alford* plea is not, in itself, an admission of the facts in the prosecution's proffer of facts. They do not foreclose the possibility that a defendant can, independently of his plea entry, confirm the prosecution's proffer of facts. *See, e.g.*, *Alston*, 611 F.3d at 227 ("To be sure, the prosecutor's proffer that the State's witnesses were prepared to testify that Alston pointed a gun at three individuals and threatened to kill them would have established the predicate nature of the second-degree

_____

[3] *See North Carolina v. Alford,* 400 U.S. 25, 37 (1970). An *Alford* plea allows a defendant to plead guilty while maintaining his factual innocence. Our circuit has previously observed that this type of plea is "counter-intuitive" and "may prove confusing to some defendants." *United States v. Punch*, 709 F.2d 889, 895 & n.12 (5th Cir. 1983). There was evidently some confusion here regarding what Flores-Vasquez intended to admit versus what he actually admitted in the proffer.

5

No. 10-40312

assault offense had Alston admitted these facts during his plea. But he explicitly pleaded guilty *without* admitting those facts.").

Indeed, the Second Circuit, in an opinion issued after *Savage*, affirmed a district court's use of a proffer of facts against a defendant who, while purportedly entering an *Alford* plea, verified the Government's proffer of facts. *See United States v. Escalera*, 401 F. App'x 571, 573 (2d Cir. 2010). Similarly, the Ninth Circuit affirmed a district court's sentencing enhancement in reliance upon the Government's proffer of facts in support of an *Alford* plea where the defendant stipulated to the Government's facts. *See United States v. Martinez-Vazquez*, No. 09-10184, 2010 U.S. App. LEXIS 26747, at *4-5 (9th Cir. Dec. 14, 2010) (unpublished). This circuit has similarly recognized that as part of an *Alford* plea, a defendant may admit to some of the facts underlying his charges. *See Ballard v. Burton*, 444 F.3d 391, 398 (5th Cir. 2006) ("As part of his *Alford* plea, Ballard admitted that he put [the victim] in fear and that he fired the 30/30 rifle several times while he was near officers."). Therefore, the mere fact that a defendant enters a plea denominated as an *"Alford* plea" does not preclude a sentencing court from relying upon a proffer of facts which was independently confirmed by the defendant.

Turning to the underlying record here, we conclude that it contains independent verification of the necessary facts. As a part of his plea agreement, Flores-Vasquez indicated that after taking an oath to tell the truth, he would "agree to the attached factual proffer in open court on the date of the plea." Furthermore, his plea agreement indicates that he accepted the proffer of facts and agreed that it would "be regarded as a true and accurate description of the offense to which [he pleaded] guilty, and of [his] role in that offense."[4]

---

[4] The plea agreement further indicates that Flores-Vasquez "does not doubt, and does not dispute" the Government's proffer of facts.

6

No. 10-40312

Flores-Vasquez then argues that, despite these provisions, the plea agreement as a whole indicates that he did not "admit" the truth of the proffer of facts because it also states that Flores-Vasquez "is unable to remember much of the events surrounding the crime to which he is pleading guilty."[5] This argument reads *Shepard* too narrowly. Though *Shepard* does state that the court may rely only on those facts "necessarily admitted" by the defendant,[6] *Shepard*'s requirement is for a legal admission. As *Shepard* itself notes, "in pleaded cases, [the closest analogs to jury instructions] would be the statement of factual basis for the charge, shown by a . . . written plea agreement presented to the court, or by a record of comparable finding of fact *adopted* by the defendant upon entering the plea." 544 U.S. at 20 (emphasis added); *see also id.* at 16 (courts may rely on factual findings "to which the defendant assented"); *id.* at 25 (plurality opinion) ("[T]he only certainty of a generic finding lies in . . . the defendant's own *admissions or accepted findings of fact* confirming the factual basis for a valid plea." (emphasis added)). Other circuits have similarly recognized that *Shepard* requires only that the defendant legally admitted the facts relied upon by the sentencing court. *See Alston*, 611 F.3d at 223 ("[The defendant] did not adopt or accept the facts proffered by the government."); *De Jesus Ventura*, 565 F.3d at 879 ("[W]hen a defendant who pleads guilty 'adopt[s]' the government's factual statement, he is necessarily convicted of those facts."); *see also Martinez-Vazquez*, 2010 U.S. App. LEXIS 26747, at *5 (allowing use of factual basis to which the defendant "stipulated").

---

[5] Flores-Vasquez argues that the plea agreement is thus ambiguous and should be construed against the Government. We note, however, that the plea agreement we are asked to interpret in this case is not one currently before the court. Our disposition of this appeal makes it unnecessary to decide the issue of whether we must construe a plea agreement from a prior conviction (rather than the conviction on appeal) against the Government.

[6] *See Shepard*, 544 U.S. at 26.

No. 10-40312

As noted above, the plea agreement here states that Flores-Vasquez would "agree [under oath] to the attached factual proffer in open court," and acknowledges that the proffer would be "regarded as a true and accurate description of the offense" and his "role in that offense." Therefore, we conclude that the district court was not in error in relying on the proffer because Flores-Vasquez adopted the truth of the Government's proffer of facts as required by *Shepard*.[7]

## III. Conclusion

For the foregoing reasons, we hold that the district court did not err in finding that Flores-Vasquez's 2006 robbery conviction qualified as a crime of violence and accordingly applying a sixteen-level sentencing enhancement pursuant to U.S.S.G. § 2L1.2. We therefore AFFIRM the district court's sentence.

---

[7] Further bolstering our conclusion, the D.C. Circuit has noted that when a defendant admits to violent aspects of a robbery under § 22-2801, "the trial court [is] precluded from accepting his plea based on a finding that the appellant committed the robbery merely by stealth, and thus the element of violent compulsion would have been necessary to his conviction." *In re Sealed Case*, 548 F.3d at 1091. Because, under the plea agreement, Flores-Vasquez's use of a knife was "regarded as a true and accurate description of the offense," the trial court here was similarly precluded from determining that he committed a robbery merely by stealth. The factual proffer attached to the plea agreement therefore served a function similar to a "generically limited charging document," which would be sufficient "in any sort of case." *Shepard*, 544 U.S. at 21; *see also United States v. Vinton*, 631 F.3d 476, 486 (8th Cir. 2011).