# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 17, 2011

No. 10-51011

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BERNARDO TORRES-REYES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:10-cr-00145

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant Bernardo Torres-Reyes' principal challenge on appeal is to the district court's ruling that his prior conviction for child abuse constitutes a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Based on this ruling, the district court applied a sixteen-level enhancement to Torres-Reyes's guideline sentence. Bound by our precedent, we conclude that his prior conviction does not constitute a crime of violence and therefore vacate and remand for re-sentencing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-51011

The subsection of the New Mexico statute under which Torres-Reyes was previously convicted provides that:  "Abuse of a child consists of a person knowingly, intentionally or negligently, and without justifiable cause, causing or permitting a child to be . . . tortured, cruelly confined or cruelly punished." N.M. Stat. Ann. § 30-6-1(C)(2) (1978).  The offense of child abuse is not an enumerated offense under the guideline, and thus, we must determine whether this subsection of the child abuse statute must be committed with the use of physical force against the victim.  *United States v. Flores-Vasquez*, 641 F.3d 667, 670 (5th Cir. 2011).  This Court has previously determined that because Texas's child endangerment statute did "not require any bodily contact (let alone violent or forceful contact) or any injury" to support a conviction, the statute did not have as an element the use of physical force against the victim.  *United States v. Calderon-Pena*, 383 F.3d 254, 260 (5th Cir. 2004) (en banc).  For example, in the instant case, a child could be cruelly confined without the use of force against the child.  Without using any force, a child could be kept locked in a room without access to food or water.  Because the New Mexico statute prohibiting child abuse does not require the use of force, it does not qualify as a crime of violence under § 2L1.2(b)(1)(A)(ii).  Therefore, it was error for the district court to assess a sixteen-level enhancement to Torres-Reyes's sentence.[1]

Accordingly, we VACATE and REMAND for re-sentencing.

---

[1]  Also, in his initial brief, Torres-Reyes argued that he should not receive an eight-level enhancement based on having a prior conviction for an aggravated felony under § 2L1.2(b)(1)(C).  We first note that the district court did not apply an eight-level enhancement.  Thus, we have doubts that this argument is properly before us at this time. In any event, he has since abandoned the argument and conceded that his prior conviction for the unlawful taking of a motor vehicle qualifies as an aggravated felony under § 2L1.2(b)(1)(C). Our discussion of an eight-level enhancement does not, of course, suggest we are infringing or providing guidance with respect to the district court's discretion on re-sentencing.