# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40306
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 4, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MILTON ROMEO VENTURA FUENTES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:12-CR-776-1

Before STEWART, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Milton Romeo Ventura Fuentes appeals the sentence imposed after he pleaded guilty to illegally reentering the United States after deportation.  He argues that the district court committed plain error by increasing his sentence based on a prior District of Columbia conviction that the court treated as

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

generic robbery and thus a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii).

Because review is for plain error, Fuentes must show at least that the district court made an error that is "clear or obvious, rather than subject to reasonable debate." *Puckett v. United States*, 556 U.S. 129, 135 (2009). He also must show that the error affected his substantial rights. *Id.* If he makes these showings, we have discretion to correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, alteration, and citation omitted).

We look to the generic, contemporary definition of the crime to determine whether it is the listed or enumerated crime of violence, in this case robbery. *See Taylor v. United States*, 495 U.S. 575, 592, 598 (1990); *United States v. Rodriguez*, 711 F.3d 541, 549 (5th Cir. 2013). If a state statute provides alternative means of committing a crime, some of which are not within the generic definition of robbery, we can decide whether the defendant's conduct was within the generic definition by looking to, among other limited sources, the charging papers for the prior crime. *See Shepard v. United States*, 544 U.S. 13, 16-17 (2005).

Fuentes relies on decisions from other circuits holding that the 1995 District of Columbia statute under which he was convicted does not define the generic offense of robbery because it criminalizes taking by stealthy seizure or snatching. *See In re Sealed Case*, 548 F.3d 1085, 1090-91 (D.C. Cir. 2008) (holding that the definition of "force or violence" in the current and indistinguishable version of the statute included stealthy snatching and thus was broader than generic robbery); D.C. CODE ANN. § 22-2901 (1995). We have previously declined to address this issue and therefore have never held that the D.C. crime is *not* generic robbery. *See United States v. Flores-Vasquez*, 641

No. 13-40306

F.3d 667, 670-71 (5th Cir. 2011).   Accordingly, any error was not clear or obvious beyond reasonable debate.  *See Puckett*, 556 U.S. at 135.

Moreover, because the D.C. statute could be violated in ways that are considered generic robbery, we look at the bill of information to see if Fuentes's conduct was consistent with generic robbery.  *See Shepard*, 544 U.S. at 16-17. The bill of information charged that Fuentes "by force and violence, against resistance, and by putting in fear, stole and took [an automobile] from the person and from the immediate actual possession of" two men.  Fuentes shows no realistic probability that this offense was or even could have been accomplished by stealth or snatching.  *See Flores-Vasquez*, 641 F.3d at 670-71 (finding that the defendant's admitted conduct showed that the crime was not committed by stealth); *see also United States v. Carbajal-Diaz*, 508 F.3d 804, 812 & n.13 (5th Cir. 2007) (requiring more than a mere theoretical possibility that a defendant's crime was beyond the scope of an enumerated crime of violence).

Because Fuentes failed to show that it was plain error to treat his prior offense as a generic robbery, we need not address his contention that the crime did not have the use of force as an element.  *See United States v. Rayo-Valdez*, 302 F.3d 314, 317-18 (5th Cir. 2002).  The judgment of the district court is AFFIRMED.

3