STATE OF NORTH CAROLINA v. JAMES L. SIMPSON

No. 19

(Filed 7 April 1981)

**1. Rape § 9— failure to name defendant in indictment — fatal defect**

Since defendant was neither named nor otherwise identified in the body of the indictment charging him with carnal knowledge of a virtuous female under the age of 12, the defect was fatal and the trial court had no jurisdiction to place defendant on trial and to pronounce judgment on the verdict.

**2. Rape § 19— taking indecent liberties with child — instructions proper**

> In a prosecution of defendant for taking indecent liberties with a child, there was no merit to defendant's contention that the trial court failed to charge on the element of intent, erred in its charge on reasonable doubt, and erred by giving confusing and contradictory instructions to the jury.

DEFENDANT appeals from judgments of *Tillery, J.*, entered at the 7 November 1979 Regular Criminal Session of NEW HANOVER Superior Court.

Defendant was tried upon separate bills of indictment. The indictment in Case No. 79-CR-13196 reads as follows:

> THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the 3rd day of July, 1979, in New Hanover County _____ unlawfully and wilfully did feloniously ravish, abuse and carnally know Samantha Cumber, a virtuous female child under the age of 12 years, by force and against her will, the said defendant at the time being more than 16 years of age, against the form of the statute in such case made and provided and against the peace and dignity of the State;
>
> This act was in violation of the following law: G.S. 14-21.
>
> s/ Mary E. Pipines
> Assistant District Attorney

The indictment in Case No. 79-CR-13197 reads as follows:

> THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the 3rd day of July, 1979, in New Hanover County James L. Simpson unlawfully and wilfully did feloniously attempt to take and take immoral, improper, and indecent liberties with Allison Cumber, who was under the age of 16 at that time, for the purposes of arousing and gratifying sexual desire. At the time, the defendant was over sixteen years of age and at least five years older than that child; Violation of N.C. G.S. 14-202.1.
>
> s/ Mary E. Pipines
> Assistant District Attorney

State v. Simpson

The State's evidence tends to show that Samantha and Allison Cumber are sisters. On 3 July 1979, they lived with their mother, brother and uncle in a residence on a farm in New Hanover County. Defendant, age forty, lived in a house on the same farm a short distance away. The girls were playing together in their yard on the morning of 3 July 1979 when defendant asked them if they wanted to play in the water. They put on their bathing suits and played in the water for some time, after which defendant told them to go to his home, which they did. There, they washed their feet in his tub. Samantha left. Defendant then "pulled out the bottom" of Allison's bathing suit and licked and kissed her genital area. At his instructions she lay down on a bed and defendant rubbed his privates between her legs. Allison was then permitted to leave the house when Samantha returned. Defendant then pulled down her underpants, licked and kissed her genital area, put his penis between her legs and rubbed it against her. Thereafter, defendant placed his penis in her rectum and vagina. Samantha said this hurt her and she began to cry. During this last assault a knock was heard at the door and defendant told Samantha to pull up her pants and "not to tell anybody."

Curtis Rochelle, brother of the girls, testified he had gone to sleep on the couch and, when he awoke, saw only Allison playing outside. He observed that the doors and windows at defendant's house were closed and thought it unusual because defendant had no fan or air conditioning. He went to defendant's house and heard Samantha crying. He knocked on the door and waited three or four minutes before Samantha opened the wooden door. She was unable to get the screen door open. Curtis took Samantha home, questioned both girls, and they told of defendant's conduct. Officers were called.

Dr. David Turnbull found external injuries to the vulva and blood in the genital area and on Samantha's clothing. Dr. Lloyd Roberts, a gynecologist, examined Samantha under anesthesia and observed fresh injuries to the wall of the vagina.

When defendant was arrested later that evening and advised of the charges against him, he blurted out "Rape! I never did that much to them girls."

At trial, defendant testified he had been drinking the night before 3 July 1979. He admitted the girls were at his home and

washed their feet in his tub but denied any sexual contact with the girls in any manner. On cross-examination, he admitted a prior conviction for assault on a female.

The jury convicted defendant of first degree rape of Samantha Cumber and of taking indecent liberties with Allison Cumber. He was sentenced to life imprisonment for the rape which was to commence after a five-year sentence imposed in the other case. He gave notice of appeal to the Supreme Court in the rape case, and we allowed his motion to bypass the Court of Appeals in the other case to the end that both cases receive initial appellate review in this Court.

*Rufus L. Edmisten, Attorney General, by J. Michael Carpenter, Assistant Attorney General, for the State.*

*David Rock Whitten, attorney for defendant appellant.*

HUSKINS, Justice.

**[1]** We first note *ex mero motu* that a fatal defect appears on the face of the indictment in Case No. 79-CR-13196 in that defendant is neither named nor otherwise identified in this single-count indictment charging rape of Samantha Cumber.

Article I, § 22 of the Constitution of North Carolina provides:

> Except in misdemeanor cases initiated in the District Court Division, no person shall be put to answer any criminal charge but by indictment, presentment, or impeachment. But any person, when represented by counsel, may ... waive indictment in non-capital cases.

Where, as here, no presentment or impeachment is involved and no waiver of indictment has been made, a valid bill of indictment is essential to the jurisdiction of the court to try defendant for a felony. *State v. Crabtree,* 286 N.C. 541, 212 S.E.2d 103 (1975). An indictment must clearly and positively identify the person charged with the commission of the offense. *State v. Hammonds,* 241 N.C. 226, 85 S.E.2d 133 (1954); *State v. Camel,* 230 N.C. 426, 53 S.E.2d 313 (1949). The name of the defendant, or a sufficient description if his name is unknown, must be alleged in the body of the indictment; and the omission of his name, or a sufficient description if his name is unknown, is a fatal and incurable defect. *State v. McCollum,* 181 N.C. 584, 107 S.E. 309 (1921); *State v. Phelps,* 65 N.C. 450 (1871).

In *McCollum*, the record showed that the bill of indictment contained five counts. Defendant was acquitted by the jury on all counts save one. The count upon which he was convicted did not contain the name of the defendant or any name whatever. The Court said:

> It is very generally held in an indictment consisting of several counts that each count should be complete in itself, and that in order to this some name should be given the defendant. If it is the wrong name, or defectively stated, the question should ordinarily be raised by plea in abatement or motion to quash, but where no name at all appears in the bill or in the only count on which a conviction is had, it is held in this jurisdiction that such a charge is fatally defective, and the judgment must be arrested. And this course should be taken though the question is presented for the first time in the Supreme Court on appeal.

181 N.C. at 585, 107 S.E. at 309 (citations omitted).

In a single-count indictment, our statutes are consistent with this case law. However, *McCollum* and other cases to like effect are no longer authoritative in the requirement that a judgment based on one count in a multiple count indictment must be arrested if the one count does not name the defendant. G.S. 15A-924 (a) (1) provides: "A criminal pleading must contain: (1) The name or other identification of the defendant but the name of the defendant need not be repeated in each count unless required for clarity." To like effect is G.S. 15A-644 which provides that an indictment must contain, among other things, criminal charges pleaded in accordance with the above quoted statute. *See also* G.S. 15-144.2 (a).

In Case No. 79-CR-13196, since defendant is neither named nor otherwise identified in the body of the bill of indictment, the defect is fatal and the trial court had no jurisdiction to place defendant on trial and to pronounce judgment upon the verdict. The judgment pronounced must therefore be arrested. It is so ordered. Even so, the defective bill under which defendant was tried and convicted will not serve to bar further prosecution if the district attorney be so advised. *State v. Miller*, 231 N.C. 419, 57 S.E.2d 392 (1950).

[2]  We turn now to defendant's assigned errors which we discuss only as they relate to the indecent liberties conviction.

Defendant's first assignment of error challenges portions of the charge to the jury. He contends the challenged portions show that the court failed to charge on the element of intent in the indecent liberties case, erred in its charge on reasonable doubt, and erred by giving confusing and contradictory instructions to the jury.

We have carefully examined the charge as a whole and especially the portion to which each exception pertains. While the charge is poorly organized and certainly not a model to be followed, we find no merit in any of the exceptions which make up defendant's first assignment of error. A jury charge must be read as a whole and in the same connected way that the judge intended it and the jury considered it. *State v. Tolley*, 290 N.C. 349, 226 S.E.2d 353 (1976); *State v. Wilson*, 176 N.C. 751, 97 S.E. 496 (1918). The general rule is that a charge will be construed contextually, and isolated portions will not be held prejudicial when the charge as a whole is correct. *State v. Bailey*, 280 N.C. 264, 185 S.E.2d 683, *cert. den.*, 409 U.S. 948, 34 L.Ed.2d 218, 93 S.Ct. 293 (1972); *State v. Gatling*, 275 N.C. 625, 170 S.E.2d 593 (1969); *State v. Cook*, 263 N.C. 730, 140 S.E.2d 305 (1965). If the charge as a whole presents the law fairly and clearly to the jury, the fact that some expressions, standing alone, might be considered erroneous will afford no ground for reversal. *State v. Hall*, 267 N.C. 90, 147 S.E.2d 548 (1966).

There is nothing in the charge relating to Case No. 79-CR-13197 (indecent liberties) which would prejudice or mislead a mind of ordinary firmness and intelligence. When it is considered and construed in accordance with the foregoing rules of construction, the charge is sufficient. The isolated phraseology challenged by defendant's exceptions had no prejudicial effect on the result of the trial and may not be used as grounds for a new trial. Defendant's first assignment of error is overruled.

Defendant's motion to set aside the verdict in Case No. 79-CR-13197 is merely formal and requires no discussion. Such motion is addressed to the discretion of the trial court and is not reviewable absent abuse of discretion. *State v. Lindley*, 286 N.C. 255, 210 S.E.2d 207 (1974); *State v. Britt*, 285 N.C. 256, 204 S.E.2d 817 (1974); *State v. McNeil*, 280 N.C. 159, 185 S.E.2d 156 (1971). No

abuse of discretion is shown.

For the reasons stated we conclude that defendant had a fair trial free from prejudicial error in Case No. 79-CR-13197 wherein he was charged with taking indecent liberties with Allison Cumber. The verdict and judgment in that case must therefore be upheld.

In Case No. 79-CR-13196—Judgment Arrested.

In Case No. 79-CR-13197—No Error.