**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

            v.

RUBEN BAZA-MARTINEZ, aka Ruben
Baza-Martines, Ruben Baza
Martinex,
            *Defendant-Appellant.*

No. 05-10282

D.C. No.
CR-04-01640-JMR
District of Arizona,
Tucson

ORDER

Filed March 6, 2007

Before: Betty B. Fletcher, Robert R. Beezer, and
Raymond C. Fisher, Circuit Judges.

Order;
Dissent by Judge Graber

## ORDER

The panel has voted to deny the petition for panel rehearing. Judge Fisher votes to deny the petition for rehearing en banc and Judges B. Fletcher and Beezer so recommend.

The full court was advised of the petition for rehearing en banc. A judge requested a vote on whether to rehear the matter en banc. The matter failed to receive a majority of the votes of the nonrecused active judges in favor of en banc consideration. Fed. R. App. P. 35.

The petition for panel rehearing and the petition for rehearing en banc are denied.

GRABER, Circuit Judge, with whom KOZINSKI, O'SCANNLAIN, GOULD, TALLMAN, BYBEE, CALLA-HAN, and BEA, Circuit Judges, join, dissenting from the denial of rehearing en banc:

I respectfully dissent from the court's decision not to rehear this case en banc. The test that the panel adopted in order to decide whether a crime constitutes "sexual abuse of a minor" fails to apply Supreme Court precedent and directly contradicts the law of this circuit. By applying an incorrect test, the panel also reached a conclusion contrary to the holdings of other circuits that have addressed the same issue applied to the very same North Carolina criminal statute.

Defendant Baza-Martinez was convicted of a felony under North Carolina General Statute § 14-202.1, which criminalizes "taking indecent liberties with children." In determining whether this conviction categorically constituted "sexual abuse of a minor" under U.S.S.G. § 2L1.2(b)(1)(A), application note 1(B)(iii), the panel stated that "the Ninth Circuit's definition of 'sexual abuse of a minor,' . . . requires psychological or physical injury to the victim." *United States v. Baza-Martinez*, 464 F.3d 1010, 1014 (9th Cir. 2006). The panel contrasted that victim-centered requirement with the focus of the North Carolina statute on the perpetrator's mens rea. *Id.* at 1016. The panel relied in particular on *State v. McClees*, 424 S.E.2d 687 (N.C. Ct. App. 1993), in which the North Carolina Court of Appeals upheld the defendant's conviction under the statute. *Baza-Martinez*, 464 F.3d at 1017. In that case, a school's headmaster had asked a young girl to try on uniforms in his office, and he secretly videotaped her undressing. *McClees*, 424 S.E.2d at 688. The panel in *Baza-Martinez* emphasized the fact that "[t]he victim was made aware of the videotape only after she was 21-years-old, and therefore was not psychologically harmed until she was no longer a minor"; thus, the panel reasoned, the North Carolina statute did not meet the Ninth Circuit's requirement of psy-

chological or physical injury to the minor victim. 464 F.3d at 1017 (citation omitted).

A.    *The Panel's Test is Contrary to the Law of this Circuit.*

Requiring self-perceived "psychological or physical injury to the victim" as an element of "sexual abuse of a minor" contravenes recent Ninth Circuit precedent. We first addressed what constitutes "sexual abuse of a minor" in *United States v. Baron-Medina*, 187 F.3d 1144 (9th Cir. 1999). In that case, we decided that a California statute categorically described "sexual abuse of a minor" by examining the required act and the mens rea of the perpetrator. *Id.* at 1147. Specifically, we held that abuse is complete when a perpetrator's act constitutes the *use* of young children for sexual gratification: "The use of young children for the gratification of sexual desires constitutes an abuse. . . . The use of young children as objects of sexual gratification is corrupt, improper, and contrary to good order. It constitutes maltreatment, *no matter its form.*" *Id.* (emphasis added) (citations omitted).

We also held that the effect on the victim is irrelevant. "Even an innocuous touching, innocently and warmly received" by the victim constitutes abuse "if effected with lewd intent." *Id.* (internal quotation marks omitted). Furthermore, we noted that the crime of sexual abuse of a minor was complete even if the perpetrator "preys upon a child too young to understand the nature of his advances." *Id. Baron-Medina*'s holding that the effect on the minor victim is wholly irrelevant cannot be reconciled with the panel's conclusion in *Baza-Martinez* that self-perceived psychological or physical injury to the minor victim is required and is, indeed, "the touchstone of 'abuse.' "[1] 464 F.3d at 1016.

---

[1]Nor have more recent cases altered this analysis. In *United States v. Pallares-Galan*, 359 F.3d 1088, 1102 (9th Cir. 2004), we held that a misdemeanor statute covering "objectively annoying conduct" was not categorically "sexual abuse of a minor" because the *conduct* of the perpetrator

An analogy may be helpful to understand why the viewpoint of the victim is not the touchstone of the Sentencing Guidelines. An assassin who intentionally fires a pistol at a person with the intent to kill, but misses and hits a tree instead, is guilty of attempted murder. The would-be assassin is guilty of attempted murder even if the intended victim never realizes that his life was placed in jeopardy. And the would-be assassin committed a crime of violence even if the victim remained unscathed psychologically as well as physically. The criminal law's focus and the Guidelines' focus is on the act and the mens rea of the perpetrator and not on the awareness or state of mind of the victim. As we recognized in *Baron-Medina*, this principle applies with particular force when the victims may be "too young to understand the nature" of the perpetrator's acts. 187 F.3d at 1147. Just as an assassin is guilty of attempted murder even if the victim remains unaware of the attempt on his life, a sexual abuser is guilty of "sexual abuse of a minor" even if he chooses very young victims, molests sleeping children, or otherwise conceals his lewd intent from the victims.

B. *The Panel's Opinion is Contrary to the Holdings of Other Circuits.*

Two other circuits have addressed whether the very same statute, North Carolina General Statute § 14-202.1, constitutes "sexual abuse of a minor." Both circuits have said "yes," the opposite conclusion as the panel in *Baza-Martinez. See United States v. Izaguirre-Flores*, 405 F.3d 270, 277 (5th Cir.) (per curiam) (holding that a violation of N.C. Gen. Stat. § 14-

---

required by the statute was insignificant. *See id.* ("In sum, the first inquiry we make in determining whether the *Taylor* categorical approach applies is whether the *conduct* covered by the California statute falls within the commonplace meaning of 'sexual abuse.' "). In *United States v. Lopez-Solis*, 447 F.3d 1201, 1209 (9th Cir. 2006), we recognized that the *conduct* of the perpetrator could be either "physically or psychologically abusive," but we did not adopt a test that requires *perceived injury* to the victim.

202.1 constitutes "sexual abuse of a minor"), *cert. denied*, 126 S. Ct. 253 (2005); *Bahar v. Ashcroft*, 264 F.3d 1309, 1313 (11th Cir. 2001) (per curiam) (accepting the Board of Immigration Appeals' conclusion that the term "sexual abuse of a minor" encompasses N.C. Gen. Stat. § 14-202.1).

The panel dismissed the conclusions of those circuits in part because they were "focusing on the wrong issue." *Baza-Martinez*, 464 F.3d at 1017. The panel reasoned that the other circuits' focus on the act and the mens rea of the perpetrator, rather than on the perceived injury to the minor victim, was misplaced. *Id.* But a focus on the act and the mens rea is precisely the focus required by this court in *Baron-Medina*. In fact, in its analysis, the Fifth Circuit expressly relied on our premise in *Baron-Medina* that " '[t]he use of young children for the gratification of sexual desires constitutes an abuse.' " *Izaguirre-Flores*, 405 F.3d at 275 & n.25 (quoting *Baron-Medina*, 187 F.3d at 1147). In short, after reconstructing our definition of "sexual abuse of a minor" to require perceived injury to the victim, the panel then faulted other circuits for failing to consider injury to the victim—even though one of these circuits expressly relied on our earlier definition of the term to exclude from the analysis the victim's perception of harm.

C.   *The Panel Failed to Follow Binding Supreme Court Precedent.*

The Supreme Court of the United States recently clarified the categorical approach of *Taylor v. United States*, 495 U.S. 575 (1990). In *Gonzales v. Duenas-Alvarez*, 127 S. Ct. 815, 822 (2007), the Court explained that a *Taylor* categorical analysis "requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." The panel's opinion pre-dated *Duenas-Alvarez* and so, of course, could not have taken it into account. But the court sitting en banc

could. Applying *Duenas-Alvarez* demonstrates clearly that the North Carolina statute criminalizes "sexual abuse of a minor."

Section 14-202.1 has been on the books for decades, and the North Carolina appellate courts have applied this statute well over one hundred times. *None* of these cases supports the conclusion that section 14-202.1 criminalizes behavior that is not "sexual abuse of a minor." Even a cursory review of the vast store of precedent reveals that section 14-202.1 is routinely applied to horrendous facts that indisputably constitute "sexual abuse of a minor."[2] The panel's opinion admitted that "[c]ertainly some of the conduct criminalized by this statute would fall under our court's definition of 'sexual abuse of a minor.' *E.g.*, *State v. Laney*, 631 S.E.2d 522, 522 (N.C. Ct. App. 2006) (describing how defendant awoke the victim in her bed, touched her breasts, put his hand under the waistband of her pants, and then touched her through her pants)." *Baza-Martinez*, 464 F.3d at 1016. The opinion overlooked the vast bulk of precedent, however, and relied on the facts of a single case, *McClees. Id.* at 1017.

It is no longer valid to sift through considerably more than one hundred cases and rely on a single case (decided by the state court of appeals more than a decade ago) that arguably falls outside the federal definition of the crime. In *Duenas-Alvarez*, the Supreme Court reversed our holding that " 'aiding and abetting' a theft [under California law] is not itself a crime that falls within the generic definition of theft [under federal law]." 127 S. Ct. at 820. The Court then examined the petitioner's additional argument that the California theft statute was applied more broadly than the generic definition of

---

[2] It is impracticable to summarize each reported case, but the most recent and one of the earliest are indicative. *See State v. Hammett*, 637 S.E.2d 518, 520 (N.C. 2006) (describing how the defendant molested his 13-year-old daughter by "inter alia, fondling her breasts, putting his tongue into her vagina, shaving her pubic hair, [and] having her wash his genitals"); *State v. Simpson*, 276 S.E.2d 361, 362 (N.C. 1981) (describing how the 40-year-old defendant performed oral sex on two sisters aged less than 12).

theft. *Id.* at 820-22. In doing so, the Court clarified the *Taylor* categorical approach:

> Moreover, in our view, to find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires more than the application of legal imagination to a state statute's language. It requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime. To show that realistic possibility, an offender, of course, may show that the statute was so applied in his own case. But he must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues.

*Id.* at 822.

The petitioner in *Duenas-Alvarez* did in fact point to cases in which the California courts allegedly applied a broader conception of "intent" than the concept contained in the generic definition of theft. Concerning one case in particular, the Court conceded that the California court "applied a more expansive concept of 'motive' or 'intent' than did the courts in [other cases]," but was unpersuaded that this lone case was enough: "[W]e cannot say that those concepts as used in any of these cases extend significantly beyond the concept as set forth in the cases of other States." *Id.*

In *Baza-Martinez*, the panel relied on a single case that arguably "applied a more expansive concept" of abuse, but this lone case does not "extend significantly beyond" the generic definition of "sexual abuse of a minor."[3] Accordingly,

---

[3]In reaching its conclusion that the defendant's conduct was a violation of section 14-202.1, the *McClees* court considered "the enhanced power and control that adults . . . may exercise over children who are outside the

as *Duenas-Alvarez* makes clear, the panel's reliance on this lone case is insufficient; there is no "realistic probability" that Defendant Baza-Martinez was convicted of conduct not amounting to sexual abuse of a minor.

In conclusion, the panel's opinion, in analyzing whether a state crime constitutes "sexual abuse of a minor," created a new requirement that the minor victim perceive harm, a requirement that contradicts our own precedent. Application of this new requirement led the panel to a decision directly contradictory to the holdings of two other circuits that have addressed the identical state statute—a particularly ironic result, as one of the other circuits relied on the earlier Ninth Circuit precedent that the panel declined to apply. Finally, even assuming that the panel did not err in establishing this new element, its opinion runs afoul of the Supreme Court's recent guidance on the *Taylor* categorical approach. In more than a hundred published cases covering more than two decades, there is only a single case that arguably supports a conclusion that the state statute criminalizes behavior not meeting

protection of home or school" and the fact that the "defendant took advantage of an authoritative position of trust." *Id.* at 690 (internal quotation marks omitted).

The panel's opinion also stated that "the North Carolina courts have been explicit in holding that 'mere words' may constitute taking an indecent liberty with a child. [*State v. Every*, 578 S.E.2d 642, 647 (N.C. Ct. App. 2003)]." *Baza-Martinez*, 464 F.3d at 1016. But the North Carolina court used the term "mere words" only *in criticism of the defendant's characterization of the facts*. *See Every*, 578 S.E.2d at 647 ("Defendant first contends that the utterance of 'mere words,' no matter how reprehensible, does not constitute the taking of an indecent liberty with a child. We disagree."). The "mere words" in *Every* included sexually explicit phrases such as how the defendant wanted to "get together with [the victim] at some point to . . . f—k [her]" and have her "suck his c—k." *Id.* at 646. These "mere words" were said by the 40-something defendant to a young teenage victim during numerous phone conversations over the course of several months, during which the defendant masturbated and encouraged the victim to do the same. *Id.* at 645-46.

the panel's new requirement. For these reasons, I dissent from the court's failure to rehear this case en banc.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2007 Thomson/West.