**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4935**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARLOS PEREZ-PEREZ,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (7:12-cr-00027-F-1)

Argued: October 30, 2013          Decided: December 18, 2013

Before MOTZ, GREGORY, and DAVIS, Circuit Judges.

Affirmed by published opinion. Judge Davis wrote the opinion, in which Judge Motz and Judge Gregory joined. Judge Davis also wrote a separate concurring opinion.

**ARGUED:** Bettina Kay Roberts, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Joshua L. Rogers, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

DAVIS, Circuit Judge:

The U.S. Sentencing Guidelines advise district courts to increase by twelve or sixteen the offense level for a defendant convicted of unlawfully entering or remaining in the United States if the defendant has a prior felony conviction for "a crime of violence." U.S.S.G. § 2L1.2(b)(1)(A). "Sexual abuse of a minor" is listed as a qualifying crime of violence. U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). The issue in this case is whether Carlos Perez-Perez's prior North Carolina conviction for taking indecent liberties with a minor, N.C. Gen. Stat. § 14-202.1(a),[1] constitutes sexual abuse of a minor, and therefore a crime of violence within the meaning of the reentry Guideline. We are constrained by our precedent, United States v. Diaz-Ibarra, 522 F.3d 343 (4th Cir. 2008), to hold that it does.

---

[1] The text of the Indecent Liberties Statute provides, in pertinent part, as follows:

> (a) A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:
> (1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or
> (2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.

N.C. Gen. Stat. § 14-202.1(a).

2

Having previously entered this country unlawfully, Perez-Perez, a Mexican citizen, who was then 24 years old, had sex with a 15-year old girl in 2001.[2] He was charged in North Carolina with statutory rape, N.C. Gen. Stat. § 14-27.7A(a), but he pled guilty to taking indecent liberties with a minor. Id. § 14-202.1. He was soon after deported to Mexico. Perez-Perez unlawfully reentered the United States and was convicted in federal district court in Texas of reentry by an alien after deportation following an aggravated felony conviction. He was again deported to Mexico in 2004.

After unlawfully entering the United States yet again, Perez-Perez pled guilty in federal district court in North Carolina to illegal reentry after deportation by an aggravated felon. 8 U.S.C. §§ 1326(a) and (b)(2). Over his objection, the district court concluded that Perez-Perez's prior North Carolina conviction for taking indecent liberties with a minor constituted a crime of violence, and the court applied the concomitant sixteen-level enhancement, U.S.S.G. § 2L1.2 (b)(1)(A), raising Perez-Perez's sentencing range to forty-six

---

[2] Our brief summary of the facts surrounding Perez-Perez's indecent liberties conviction relies on the bare contents of the Pre-Sentence Report prepared by a United States Probation Officer: "Investigation of this conviction revealed that the defendant had sexual intercourse with a 15-year old female when he was 24 years of age. Therefore, this conviction involves the sexual abuse of a minor and the 16-level enhancement was appropriately applied." J.A. 68.

3

to fifty-seven months from a range of one to seven months. The district court sentenced Perez-Perez to an imprisonment term of forty-six months. He filed a timely notice of appeal.

Perez-Perez raises a single challenge on appeal: He argues that the district court erred in finding that his prior North Carolina conviction for taking indecent liberties with a minor, N.C. Gen. Stat. § 14-202.1(a), qualifies categorically as sexual abuse of a minor, and thus as a crime of violence within the meaning of the reentry Guideline.[3] U.S.S.G. § 2L1.2(b)(1)(A). Because his contention raises a question of law, we review the district court's ruling de novo. Diaz-Ibarra, 522 F.3d at 347.

At base, the categorical approach requires that "we look only to the statutory definition of the state crime and the fact of conviction to determine whether the conduct criminalized by the statute, including the most innocent conduct, qualifies as a 'crime of violence.'" Id. at 348. Application of this approach generally involves a four-step process. First, we identify which of the listed crimes in the Commentary to the Guideline ("the

---

[3] The parties have proceeded on the assumption that the district court applied the categorical approach rather than the modified categorical approach in its assessment of Perez-Perez's indecent liberties conviction. See generally Descamps v. United States, 133 S. Ct. 2276, 2285 (2013). As the Government supplied the district court with no Shepard-approved documents, see Shepard v. United States, 544 U.S. 13, 16 (2005), we also assume that, necessarily, the district court applied a categorical approach. Descamps, 133 S. Ct. at 2284-85.

4

Guideline crime") most closely approximates the prior state crime.[4] <u>United States v. Cabrera-Umanzor</u>, 728 F.3d 347, 352 (4th Cir. 2013). Second, we identify the "generic definition" of the Guideline crime. <u>United States v. Bonilla</u>, 687 F.3d 188, 192 (4th Cir. 2012). Third, we compare the elements of the prior state crime to those in the generic definition of the Guideline crime. <u>Id.</u> If the elements of the prior state crime "correspond in substance" to those of the Guideline crime, then the prior state crime is a crime of violence and our inquiry comes to an end. <u>Cabrera-Umanzor</u>, 728 F.3d at 350 (citations and modifications omitted). If, however, the elements do not correspond in substance, then we proceed to the fourth step, which involves an assessment of whether the scope of conduct criminalized by the prior state crime is categorically overbroad when compared to the generic definition of the Guideline crime. <u>United States v. Rangel-Castaneda</u>, 709 F.3d 373, 377-79 (4th Cir. 2013) (citation omitted). A prior state offense whose elements criminalize a broader scope of conduct than the Guideline crime is <u>not</u> categorically a crime of violence.

---

[4] If none of the listed Guideline crimes are suitable for comparison, then we assess whether the prior state crime is captured by the "use of force" clause, which sweeps within its ambit "any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. n. 1(B)(iii). The use of force clause is not at issue in this case.

5

The paradigmatic exemplar of this structured approach that proceeded through to step four is Rangel-Castaneda, in which we held that a Tennessee statutory rape law that made the age of consent eighteen was categorically broader than the generic definitions of statutory rape, forcible sex offense, and sexual abuse of a minor. Id. at 378-81. Accordingly, the defendant's federal sentence for unlawful reentry could not be increased by sixteen offense levels under U.S.S.G. § 2L1.2(b)(1)(A) on the basis of his prior conviction under the Tennessee law. Id. at 381.

Applying the above analytical framework to the case at hand, we conclude that Perez-Perez's conviction for taking indecent liberties with a minor qualifies categorically, at step three of the above framework, as sexual abuse of a minor, and therefore as a crime of violence within the meaning of the reentry Guideline. The listed Guideline crime that most closely approximates the North Carolina crime of taking indecent liberties with a minor is "sexual abuse of a minor," a term that we have previously construed to mean a "perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification." Diaz-Ibarra, 522 F.3d at 352 (quotations and citation omitted). Although the North Carolina statute appears to encompass two distinct categories of

conduct, it has been construed by North Carolina courts as one crime having five elements:

> (1) the defendant was at least 16 years of age; (2) he was five years older than his victim; (3) he willfully took or attempted to take an indecent liberty with the victim; (4) the victim was under 16 years of age at the time the alleged act or attempted act occurred; and (5) the action by the defendant was for the purpose of arousing or gratifying sexual desire.

State v. Coleman, 684 S.E.2d 513, 519 (N.C. Ct. App. 2009).[5]

Comparing our generic definition of sexual abuse of a minor with the elements of the North Carolina indecent liberties crime reveals both that the elements of the latter correspond in substance with our definition, and that each offense therefore contemplates criminalization of the same conduct: both target conduct directed towards minors, both require a mental element focused on sexual gratification, and both cast a broad net in capturing physical or nonphysical conduct. Specifically, we are unable to say that the statutory element of "willfully t[aking] or attempt[ing] to take an indecent liberty" exceeds the scope of what we have required: "misuse or maltreatment" of a minor.[6]

---

[5] Judge King recognized this five-point constellation of elements of the North Carolina indecent liberties statute in United States v. Vann, 660 F.3d 771, 782-83 (4th Cir. 2011) (King, J., concurring), as did the Ninth Circuit in United States v. Baza-Martinez, 464 F.3d 1010, 1016 (9th Cir. 2006). See also Vann, 660 F.3d at 791-93 (Davis, J., concurring).

[6] The first subsection of the North Carolina statute targets "immoral, improper, or indecent liberties," N.C. Gen. Stat. § (Continued)

Perez-Perez makes two arguments in contending that his conviction does not constitute sexual abuse of a minor. First, he argues that the North Carolina crime is broader than Diaz-Ibarra's definition of sexual abuse of a minor because the statute "does not require that the victim even be aware of the perpetrator's presence, much less that the act occur within the physical presence of the child." App. Br. 14. Second, he argues that our decision in United States v. Vann, 660 F.3d 771 (4th Cir. 2011) (en banc) (per curiam), establishes that his conviction for taking indecent liberties with a minor is not "a crime of violence." These contentions are unpersuasive.

Perez-Perez's first argument, that the legal sufficiency of constructive presence under the North Carolina statute renders it broader than sexual abuse of a minor, State v. Every, 578 S.E.2d 648, 647 (N.C. Ct. App. 2003), is unavailing because it elides the extraordinary breadth of our definition of the Guideline crime. In Diaz-Ibarra, we agreed with the Eleventh Circuit that a perpetrator can engage in conduct that constitutes sexual abuse when he is "in the actual or constructive presence" of the minor. 522 F.3d at 351 n.6. Thus,

14-202.1(a)(1), while the second targets "lewd and lascivious act[s]" with the body of a minor, id. § 14-202.1(a)(2); both types of conduct can be construed as "physical or nonphysical misuse or mistreatment" of a minor.

with respect to the elements of a perpetrator's presence (or, what is closely related thereto, a victim's awareness or knowledge of his presence), our definition of the Guideline crime and the elements of the North Carolina indecent liberties offense are effectively coterminous in that neither requires the defendant's actual presence or the victim's awareness or knowledge of the defendant's presence.

Perez-Perez's second argument, that Vann militates in favor of concluding that taking an indecent liberty with a minor is not a "crime of violence," ultimately fails because accepting it would require us to set aside our precedent in Diaz-Ibarra, which we cannot do. See McMellon v. United States, 387 F.3d 329, 332 (4th Cir. 2004) (en banc) (recognizing "the basic principle that one panel cannot overrule a decision issued by another panel"). It is true that in Vann we held, proceeding on an assumption that the modified categorical approach applied, that the Government had failed to prove that the specific defendant's North Carolina conviction for taking indecent liberties with a minor was a "violent felony" within the meaning of the Armed Career Criminal Act.[7] 660 F.3d at 776. But Vann does not dictate

---

[7] In his concurring opinion in Vann, Judge King, joined by all three members of the present panel, concluded not only that application of the modified categorical approach was improper, but also that a North Carolina conviction of taking an indecent liberty with a minor is not categorically a violent felony (Continued)

9

reversal in this case, as the per curiam opinion of the en banc court did not purport to disturb Diaz-Ibarra's prior definition of the generic crime of "sexual abuse of a minor."[8] Moreover, unlike the reentry Guideline, the Armed Career Criminal Act has no list of enumerated crimes and contains only the "residual" and "force" clauses, neither of which expressly contemplate sexual offenses involving minors. Given these distinguishing characteristics, we are constrained to agree with the Government that Vann does not control, and that there is no interpretation of the North Carolina indecent liberties statute that does not fit within Diaz-Ibarra's extraordinarily broad generic definition of "sexual abuse of a minor."

---

within the meaning of the Armed Career Criminal Act. Vann, 660 F.3d at 782 (King, J., concurring). We acknowledge that at least eight members of the en banc court in Vann expressed the view that the effect of convictions under the North Carolina indecent liberties statute properly could be assessed under the modified categorical approach. See Vann, 660 F.3d at 798 (Keenan, J., concurring, joined by Traxler, C.J., and Agee, Wynn, and Diaz, JJ.); id. at 801 (Wilkinson, J., concurring); id. at 807 (Niemeyer, J., joined by Shedd, J., concurring in part and dissenting in part). Whether, in light of the Supreme Court's intervening decision in Descamps v. United States, 133 S.Ct. 2276 (2013), the views of those judges might today be altered is a subject about which we need not and do not speculate.

[8] Notably, in an alternative holding, the opinion in Diaz-Ibarra indicates that it would have reached the same holding by application of the modified categorical approach. See 522 F.3d at 353 n.7. But see supra n.7.

10

In short, Diaz-Ibarra mandates the result here. It would be difficult, if not impossible, to conceptualize a situation in which a perpetrator "willfully" took or attempted to take an "immoral, improper, or indecent liberty" with a minor that did not involve his "physical or nonphysical misuse or maltreatment of [that] minor for a purpose associated with sexual gratification". Even if we could come up with such a case, it would likely run counter to the Supreme Court's admonishment that the categorical analysis "requires more than the application of legal imagination to a state statute's language." Gonzales v. Duenas-Alvarez, 127 S. Ct. 815, 822 (2007) (regarding the Immigration and Nationality Act). We are tasked instead with assessing whether there is "a realistic probability, not a theoretical possibility, that [North Carolina] would apply its statute to conduct that falls outside the generic definition of a crime." Id. Accordingly, we hold that a conviction for taking indecent liberties with a minor qualifies categorically as sexual abuse of a minor under Diaz-Ibarra and is therefore a crime of violence within the meaning of the reentry Guideline and its Commentary. U.S.S.G. § 2L1.2 cmt. n. 1(B)(iii). The judgment is

AFFIRMED.

11

DAVIS, Circuit Judge, concurring:

Today's decision is compelled by <u>United States v. Diaz-Ibarra</u>, 522 F.3d 343, 352 (4th Cir. 2008), the case in which we described "sexual abuse of a minor" for purposes of identifying "a crime of violence" under U.S. Sentencing Guideline § 2L1.2(b)(1)(A)(ii) (the reentry Guideline), to mean a "perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification." (Quotations and citation omitted). I use the term "describe" rather than "define" quite purposefully. This is because in <u>Diaz-Ibarra</u>, rather than undertake to "define" a generic crime of sexual abuse of a minor by setting out a list of elements of such a hypothetical generic crime, we simply engaged in dictionary surfing to arrive at an expansive description of what we think such a crime might cover. Today's decision demonstrates the limitlessness of our Circuit's conception of "sexual abuse of a minor"; accordingly, I respectfully submit that the time has come to reconsider <u>Diaz-Ibarra</u>.

There are several discrete problems with <u>Diaz-Ibarra</u>'s construction of "sexual abuse of a minor."

<u>First</u>, it is untethered from the very term it is ultimately intended to define: "crime of <u>violence</u>." U.S.S.G. § 2L1.2(b)(1)(A)(ii) (emphasis added). "Nonphysical misuse or maltreatment" certainly includes conduct that does not involve

12

physical force with the intent to cause harm, and therefore the definition effectively renounces "violence," the very word it seeks to define. See Black's Law Dictionary (9th ed. 2009) (defining "violence" as "[t]he use of physical force, usu. accompanied by fury, vehemence, or outrage; esp., physical force unlawfully exercised with the intent to harm"). There is no more probative evidence of this than a sample of cases involving North Carolina's indecent liberties statute, N.C. Gen. Stat. § 14-202.1(a). A defendant who secretly videotapes a minor undressing when they are not in the same room, State v. McClees, 424 S.E.2d 687, 654 (N.C. Ct. App. 1993), or who has a sexually explicit conversation with a minor over the phone, State v. Every, 578 S.E.2d 642, 648 (N.C. Ct. App. 2003), or who hands a sexually explicit note to a minor soliciting her (unsuccessfully) to have sex with him for $10, State v. McClary, 679 S.E.2d 414, 418 (N.C. Ct. App. 2009), is not guilty of a crime of violence,[1] or indeed, even engaged in conduct in which

---

[1] The Government stated at oral argument that these cases are extreme outliers and that our task is to envision the paradigm case of taking an indecent liberty with a minor. But the North Carolina courts' construction of the statute and its legislature's manifest intent suggest that these cases are actually intended to be the heart of the conduct criminalized. Indeed, the essence of this statute is its breadth: "[T]he variety of acts included under the statute demonstrate that the scope of the statute's protection is to encompass more types of deviant behavior and provide children with broader protection than that available under statutes proscribing other sexual
(Continued)

13

violence against a victim is imminently likely.[2] Hereafter, however, convictions for all of these acts will be treated categorically as sexual abuse of a minor and thus as a crime of violence under our application of Diaz-Ibarra to today's case.[3]

We declined in Diaz-Ibarra to derive a definition of "sexual abuse of a minor" from a concern about violence and physical force because the Sentencing Commission had earlier amended the Commentary to make clear that the absence of physical (violent) force did not preclude "sexual abuse of a minor" from qualifying as a "crime of violence." Diaz-Ibarra,

---

acts." State v. McClary, 679 S.E.2d 414, 418 (N.C. Ct. App. 2009) (citations and quotations omitted) (emphasis added). We should take the North Carolina courts at their word. In short, not only does the indecent liberties statute capture far more conduct than does even a broadly acceptable definition of "sexual abuse of a minor," it is intentionally designed to do just that. That is the gravamen of the opinions by Judge King and myself in United States v. Vann, 660 F.3d 771 (4th Cir. 2011).

[2] Cf. United States v. Thornton, 554 F.3d 443, 449 (4th Cir. 2009) ("Although nonforcible adult-minor sexual activity can present grave physical risks to minors, and although states are entitled to criminalize nonforcible adult-minor sexual activity to protect minor victims from these risks, such risks are not sufficiently 'similar, in kind as well as in degree of risk posed to the examples' of burglary, arson, extortion, and crimes involving explosives.") (citation omitted).

[3] I am not the first to recognize that these cases do not involve crimes of violence: Judge King saliently made this point in his concurrence in Vann, 660 F.3d at 785-86 (King, J., concurring), an opinion in which all three judges on today's panel joined.

522 F.3d at 349-50. Presumably, the reason for this was to give adjudicative power to the Guideline's "force clause" separate and apart from the listed Guideline crimes;[4] the resulting inference was that "sexual abuse of a minor" does not require "use of physical force against the person of another" to qualify as a crime of violence. Id. Similarly, and equally without controversy, one can agree that "sexual abuse of minor" does not require that the victim suffer an identifiable injury. Id. at 350-51.

Surely, however, there must actually be a victim of some crime of violence, and that victim must suffer maltreatment of a sort that is something more than the shock resulting from a sexually-explicit telephone conversation. See State v. Brown, 590 S.E.2d 433, 436 (N.C. Ct. App. 2004) ("Our holding in Every[, 578 S.E.2d at 647-49] stands for the proposition that repeated, graphic, and explicit sexual conversations over the

---

[4] The "force clause" is found in the Commentary to the Guideline:

> "Crime of violence" means any of the following offenses under federal, state, or local law: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2 cmt. 3 (emphasis added).

15

phone concurrent with indicia of masturbation is sufficient to allow a jury to conclude such actions amount to taking indecent liberties.").

Thus, even if in Diaz-Ibarra we were correct in our assessment of the Sentencing Commission's intent, we are precluded from defining "sexual abuse of a minor" in a way wholly untethered from the Guideline text – and that is so even if the Commentary mandates such a result. See United States v. Peterson, 629 F.3d 432, 435 (4th Cir. 2011) (noting that Commentary inconsistent with the Guideline text would be rendered non-binding).

Post-Diaz-Ibarra case law from the Supreme Court sheds some light on the interpretive limits that the word "violence" places on our construction of these listed Guideline crimes. In Johnson v. United States, 559 U.S. 133, 140 (2010), the Court, in defining the term "physical force" as employed in the "force clause" of the Armed Career Criminal Act,[5] rejected the

---

[5] The "force clause" of the Armed Career Criminal Act reads as follows:

> [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that . . . (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

(Continued)

Government's contention that "physical force" should be interpreted to include de minimis force as required by the common law of battery; the Court stated that "[h]ere we are interpreting the phrase 'physical force' as used in defining not the crime of battery, but rather the statutory category of 'violent felon[ies].'" Id. at 140. It concluded that "in the context of a statutory definition of 'violent felony,' the phrase 'physical force' means violent force – that is, force capable of causing physical pain or injury to another person." Id. See also Leocal v. Ashcroft, 543 U.S. 1, 11 (2004) ("[W]e cannot forget that we ultimately are determining the meaning of the term 'crime of violence.'  The ordinary meaning of this term . . . suggests a category of violent, active crimes[.]"); James v. United States, 550 U.S. 192, 193 (2007) (pre-Diaz-Ibarra). In other words, Johnson should be understood as standing for a principle of statutory construction that the Supreme Court has made particularly salient in federal sentencing cases: specific terms that qualify the more general are still cabined by the plain meaning of the general term. Applied here, Johnson's teaching buttresses the point that "sexual abuse of a minor"

---

18 U.S.C. § 924(e)(2)(B) (emphasis added).

qualifies the term "crime of violence," and therefore must be cabined by the operative term: violence.

Second, Diaz-Ibarra's description of "sexual abuse of a minor" captures conduct that is not "sexual abuse." Diaz-Ibarra reduces "sexual abuse of a minor" into a crime entirely focused on the defendant's intent, 522 F.3d at 350, and thereby erases from the analysis factors that are typically understood as critical to defining sexual abuse of minors, such as the severity of the conduct, the defendant's presence, the degree of the child's involvement and awareness, coercion, the absence of consent, and the existence of an injury to the victim. See David Finkelhor, Current Information on the Scope and Nature of Child Sexual Abuse, The Future of Children, Vol. 4, No. 2, at 32 (Summer/Fall 1994); David Finkelhor, The Prevention of Childhood Sexual Abuse, The Future of Children, Vol. 19, No. 2, at 170-71 (Fall 2009). See also 18 U.S.C. § 2243 (making "a sexual act" an element of the federal crime of "sexual abuse of a minor or ward"); 28 C.F.R. § 115.6 (defining certain conduct as "sexual abuse" in the context of the Prison Rape Elimination Act); United States v. Baza-Martinez, 464 F.3d 1010, 1012 (9th Cir. 2006), rehearing denied, 481 F.3d 690 (9th Cir. 2007) (holding that North Carolina's indecent liberties statute is not "sexual abuse of a minor").

Third, Diaz-Ibarra's description of sexual abuse of a minor is untethered even from the criminal law of several states. For example, Diaz-Ibarra isolated two critical features that were elements of the Georgia statute under which the prior conviction arose: "[1] a defendant who is in a child's presence must commit some immoral or indecent act with the intent to gratify his own sexual desires or the desires of the child . . . [,] and [2] the child must be at least minimally aware of the defendant's presence." 522 F.3d at 353 (emphasis added). These features were also elements of the Florida statute in the Eleventh Circuit case on which Diaz-Ibarra based its description of "sexual abuse of a minor." United States v. Padilla-Reyes, 246 F.3d 1158, 1162 n.4 (11th Cir. 2001) (noting that the Florida statute targeted "[l]ewd, lascivious, or indecent assault or act[s] upon or in presence of child") (quoting Fla. Stat. § 800.04) (emphasis added).[6]

_____

[6] These features of sexual abuse of a minor are also elements, either explicitly or implicitly, of every comparable state statute in the Fourth Circuit. Md. Code, Crim. Law § 3-602(a)(4) (defining "sexual abuse" for purposes of sexual abuse of a minor as "an act that involves sexual molestation or exploitation of a minor, whether physical injuries are sustained or not"); S.C. Code § 16-3-655 (providing that third-degree criminal sexual conduct with a minor requires at a minimum an "attempt to commit a lewd or lascivious act upon or with the body, or its parts, of a child"); Va. Code § 18.2-67.4:2 and 18.2-67.10(6) (defining "sexual abuse" as an "act committed with the intent to sexually molest, arouse, or gratify any person, where" touching or causing touching is involved); W. Va. Code §
(Continued)

But unlike the statutes at issue in Diaz-Ibarra and Padilla-Reyes, "presence" is not an element of our definition of sexual abuse of a minor. (Nor is it an element of the North Carolina indecent liberties statute, a point the state appellate court has recognized. McClees, 424 S.E.2d at 689.) In other words, Diaz-Ibarra eschewed what may be a common feature of state child sexual abuse statutes, presence and/or physical proximity, in favor of something more nebulous, a perplexing choice given that the Supreme Court has said that our task in formulating these generic definitions is to contemplate "the generic sense in which the term is now used in the criminal codes of most States." Taylor v. United States, 495 U.S. 575, 598 (1990) (construing "burglary" in the Armed Career Criminal Act). This is precisely what we did in United States v. Rangel-Castaneda, 709 F.3d 373 (4th Cir. 2013) (holding that the Tennessee statutory rape statute is broader than generic statutory rape). We should revisit our concept of "sexual abuse of a minor" and follow the approach we took in that case.

Let's be honest. Because child sexual abuse involves a particularly vulnerable population, emotions tend to gallop, and understandably so; indeed, "sexual abuse of a minor" appears to

61-8D-5 (criminalizing any "attempt to engage in sexual exploitation of, or in sexual intercourse, sexual intrusion or sexual contact with, a child").

20

have been included in the reentry Guideline not so much over a fear of violence but because all decent people experience boundless antipathy and abject opprobrium at the very thought of such perpetrators. But our task is not to punish sex offenders;[7] rather, it is to give meaning to words chosen by legislators. How we give meaning to words must be driven by their common understanding and the context in which they are found. Violence, abuse, injury, and the perpetrator's presence are not just relevant to assessing, as a factual matter, whether certain conduct constitutes sexual abuse – they are also critical limiting principles in defining what constitutes "sexual abuse of a minor" for purposes of federal sentencing law. Although it may be that not all of these factors should ultimately be built into a definition of "sexual abuse of a minor," they at least are all starting points that Diaz-Ibarra rejected in favor of breathtaking limitlessness.

---

[7] As Judge Haynes has cogently observed:

> We must also remember that federal sentencing is not an opportunity to resentence the defendant for a state crime. The state has already meted out a punishment it thought appropriate. Here, the Texas court sentenced Rodriguez to two years of imprisonment. The offense of conviction in federal court was illegal reentry, not a sexual crime.

United States v. Rodriguez, 711 F.3d 541, 569 n.2 (5th Cir. 2013) (en banc) (Haynes, J., concurring).

21

There is, however, an even broader point: One who surveys our recent, on-going efforts to make sense of the reentry Guideline will discover substantial dissonance, rapidly approaching incoherence. Compare United States v. Montes-Flores, 736 F.3d 357 (4th Cir. 2013) (conviction under South Carolina law for assault and battery of a high and aggravated nature not a crime of violence), and United States v. Cabrera–Umanzor, 728 F.3d 347 (4th Cir. 2013) (conviction under Maryland's child abuse statute not a crime of violence), and United States v. Torres–Miguel, 701 F.3d 165 (4th Cir. 2012) (conviction under California law for willfully threatening to commit a crime that would result in death or great bodily injury not a crime of violence), and Rangel-Castaneda, 709 F.3d at 373 (conviction under Tennessee law for statutory rape not a crime of violence), and United States v. Gomez, 690 F.3d 194 (4th Cir. 2012) (conviction under Maryland's child abuse statute not a crime of violence), with United States v. Aparicio–Soria, 721 F.3d 317 (4th Cir. 2013) (conviction under Maryland resisting arrest statute a crime of violence), rehearing en banc granted, and United States v. Medina-Campo, 714 F.3d 232 4th Cir. 2013) (conviction under Oregon unlawful delivery of controlled substance statute a predicate "drug trafficking offense"), and United States v. Bonilla, 687 F.3d 188 (4th Cir. 2012) (conviction under Texas law for burglary of a habitation a crime

22

of violence). We would do well to begin the clean-up process by revisiting Diaz-Ibarra and thereby bring a measure of coherence to the meaning of "sexual abuse of a minor" at the very least.[8]

_____

[8] Judge Haynes again provides astute observations that are relevant in this Circuit:

> I write separately because this case highlights the need for the Sentencing Commission to define "sexual abuse of a minor" — a crime with few common-law analogs. Against the backdrop of a patchwork of state laws on the subject, this guideline is singularly unhelpful . . . . We thus are left to puzzle over nebulous terms that can mean different things in different contexts, a result that frustrates our ability to provide even-handed treatment to similarly-situated, but geographically-diverse, defendants.
>
> *   *   *
>
> [M]yriad offenses could fall under the broad rubric of "sexual abuse of a minor." The states, of course, are free to criminalize a broad range of "sexual" conduct so long as they stay within federal constitutional bounds. But in deciding the propriety of a federal sentencing enhancement — a uniquely federal question — we must seek clarity and uniform treatment of similarly-situated defendants. The problem presented here is that, because of the vast array of conduct that could be "sexual abuse of a minor," "one size does not fit all." Although a sixteen-level enhancement is too low for some of the more vile cases we see in this area, it is too high for others.

Rodriguez, 711 F.3d at 568-69 (Haynes, J., concurring) (citations and footnotes omitted).